# Borlin, Sheriff, *et al. versus* Commonwealth *ex rel.* Hillis.

1. The rules of court and local statutes throughout this Commonwealth authorizing the entry of judgment for want of an affidavit of defence in actions upon recognizances, judgments, mortgages, bonds, etc., have always been limited in their application to cases where actions are brought upon obligations or contracts for the payment of a sum certain. They are not held to apply in actions for torts, nor in actions upon contracts for the payment of an uncertain sum, or where there is no standard by which to liquidate the judgment.

2. The rule of court of Westmoreland county, which provides, inter alia, that in actions on recognizances the plaintiff shall, in case of the defendant's default in filing an affidavit of defence, be entitled to judgment, has no application in the case of an action upon the official recognizance of a sheriff for a breach of his official duty.

3. Whether the courts have power to make rules which would apply in such case, not decided.

October 27th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Westmoreland county :* Of October and November Term 1881, No. 72.

Scire facias by the Commonwealth of Pennsylvania at the instance of William Hillis against James Borlin, sheriff, William Brisbine and others, sureties, sur official recognizance of said sheriff for $25,000, the condition of which was as follows : "Upon condition that if you, James Borlin, shall, and do, without delay and according to law, well and truly serve and execute all writs and process of the Commonwealth of Pennsylvania to you directed, and shall and do, from time to time, upon request to you for that purpose made, well and truly pay or cause to be paid to the several suitors and parties interested

[Borlin *v.* Commonwealth.]

in the execution of such writs and process, their lawful attorneys, factors, agents or assigns, all and every sum and sums of money to them respectively belonging, which shall come to your hands, and shall and do, from time to time, and all times during your continuance in the office of sheriff of the county of Westmoreland, well and faithfully execute and perform all and singular the trusts and duties to the said office lawfully appertaining, then this recognizance to be void, or else to be and remain in full force and virtue."

The writ was directed to the coroner and by him duly served on the defendants, and an appearance was entered for them. The plaintiff assigned as breach the non-payment by the said sheriff of certain judgments marked to the use of the plaintiff Hillis due and payable out of a fund in the sheriff's hands, arising from the sale of certain real estate.

On the third Saturday after the return day, no affidavit of defence having been filed, the prothonotary, in pursuance of an order of the plaintiff's attorney filed, entered judgment in favor of the plaintiff against the defendants by default for want of an affidavit of defence, sec. reg., for $1,924.99.

The rule of court of Westmoreland county, relating to judgments for want of an affidavit of defence, is as follows:

Rule No. 10. " In actions on *recognizances*, judgments, mortgages, liens of mechanics and material-men, municipal claims, transcripts from the Orphans' Court, policies of insurance, book accounts, bonds, bills, notes and other instruments of writing for the payment of money, either express or implied, and whether the same be in writing or not, and in appeals from the judgments of justices of the peace, if the plaintiff shall file on or before the return day of the writ, with his declaration or statement, or in cases of appeal on or before the first day of the term to which the appeal is entered, an affidavit stating the amount he verily believes to be due from the defendant, together with a copy of the book entries or instrument upon which the suit is brought, or where the claim is not evidenced by writing, a brief, setting forth a full and detailed statement of the same, verified as aforesaid, he shall be entitled to judgment at any time on or after the third Saturday succeeding the return day of the writ in original cases, or in appeals succeeding the first day of the term to which the appeal is entered, unless the defendant shall have previously filed an affidavit of defence, setting forth the nature and character of the same ; *Provided*, That neither declaration, affidavits by plaintiff, nor copy of instrument, need be filed where the action is on a mortgage, mechanic's lien, recognizance, or other record of the several courts of this county, but in such case it shall be sufficient if the plaintiff files with his præcipe or otherwise before the rerurn day a proper reference

[Borlin *v.* Commonwealth.]

to the record or place of the entry of such mortgage, mechanic's lien, recognizance, or other record."

The defendant moved for a rule to show cause why the judgment should not be stricken off, on the ground that the recognizance sued on was not such an instrument as to entitle the plaintiff to take judgment for want of an affidavit of defence, which motion the court, after argument, denied, HUNTER, P. J., filing the following opinion:

"By the 62d section of Act of 15th April, 1834, sheriffs are required to give bond and enter into recognizance. The 68th section of that act requires the recognizance to be recorded in the proper county, and by the 74th section all the real estate within the county of such sheriff, etc., shall be bound by such recognizance as effectually as by a judgment, and directs the prothonotary, as soon as the recorder certifies the recognizance to him, to enter the names of the parties thereto upon his docket in like manner as judgments. By the 4th section of Act 28th March 1803 (still in force in Commonwealth *v.* Raisey, 4 W. & S. 186), either an action of debt or scire facias may be instituted on a sheriff's recognizance.

"By No. 10 of our Rules of Court judgment may be taken for want of affidavit of defence (after a certain time) in actions on recognizances, judgments, etc., and no declaration need be filed where the action is on mortgage, mechanics' liens, recognizance, or other records of the several courts."

Now, then, here we have an Act of Assembly not only making the recognizance a lien upon real estate, but absolutely a judgment entered upon the docket, and by another act providing that a scire facias may issue, while our Rules of Court are very comprehensive and cover this very case.

The cases relied upon by the counsel asking the rule do not rule the question here. In the first case he cites Commonwealth *v.* Hoffman (24 Smith, 105). The ruling was on a Dauphin County Rule of Court, by no means as comprehensive as our rule, and in Eldred v. Richardson (7 W. N. C. 130), the action was upon a property bond, where the amount to be recovered was unliquidated and undetermined.

The motion is denied and rule refused.

The defendants took this writ of error, asssigning for error the refusal of their motion.

*Turney* (with him *Kline* and *Kuhns*), for the plaintiffs in error.—By the act of March 20th 1803, a statutory remedy is provided for the sueing out of official bonds and recognizances by scire facias and section 14 directs that upon proof of damage sustained by the plaintiff, a *verdict* and *judgment* may be entered, and execution shall issue for so much only as shall be

found by *said verdict* and judgment with costs, etc. Where a remedy is provided by an Act of Assembly, the directions of the Act must be strictly pursued: Act of March 26th 1806, § 13, re-enacted by Act of March 31st 1860, § 183, Pamph. L. 426. The scire facias in this case was issued under the provisions of the Act of March 20th 1803, and if the rule of court authorizes the judgment to be taken in this proceeding for want of an affidavit of defence, it is in contravention of that act. The sureties of a sheriff have the right to contest the damages (Carmack v. Commonwealth, 5 Binney 191, 192), of which right they would be debarred if this judgment is sustained.

But the judgment is not authorized by the rule of court, the language of which is, "in actions on recognizances, judgments, . . . . and other instruments of writing, *for the payment of money.*" A sheriff's recognizance is conditioned for the faithful performance of his duties, and not for the payment of money. It has been decided that such an instrument is not within the affidavit of defence rule of Dauphin county, which is very similar to our rule: Commonwealth v. Hoffman, 2 Pearson's Decisions 148, affirmed in 24 P. F. Smith 105; Dauphin and Susquehanna Coal Co. v. Dasher, 1 Pearson 148.

*W. H. Klingensmith,* for the defendant in error.—The act of March 21st 1806, directing that when a remedy is provided by an Act of Assembly, its provisions must be strictly pursued, and its re-enactment in the Act of March 31st 1860, had reference to legislation in regard to crimes and penalties: Rees v. Emerick, 6 S. & R. 286; Report on Penal Code, note *e.* That a jury trial and verdict in an action on a sheriff's bond is not an imperative requirement is shown by the fact that such a suit may be arbitrated: Gordon v. Commonwealth, 10 Watts 443.

This case is within the terms of our rule of court, which is broader than any to be found in the reported cases, and includes all "instruments of writing for the payment of money, either *express or implied.*" The court below is most competent to interpret its own rules, and the Supreme Court will not reverse for any construction given to them, which is not palpably erroneous: Wickersham v. Russell, 1 P. F. Smith 71; Frank v. Colhoun, 9 Id. 381; Coleman v. Nantz, 13 P. F. Smith 178; Gannon v. Fritz, 39 Id. 303.

Mr. Justice TRUNKEY delivered the opinion of the court, November 14th 1881.

James Borlin, with his sureties, entered into recognizance, in the form prescribed by statute to be given by the sheriff before he enters upon the duties of his office.

[Borlin *v.* Commonwealth.]

Among the conditions is, that he shall well and faithfully execute and perform all and singular the trusts and duties to the said office lawfully appertaining. Another is, that he shall, from time to time, upon request, pay to the proper parties, all sums of money to them respectively belonging, which shall come to his hands in the execution of writs and process to him directed. This suit is upon the recognizance, and judgment was entered in default of an affidavit of defence. It is assigned for error that the judgment was not authorized by the rules of court.

The rule applies to actions on recognizances, judgments, mortgages, bonds and other instruments of writing for the payment of money. It is similar to rules in other districts, and to numerous local statutes authorizing judgments for like default. But these statutes and rules, though not equally extensive in their application, have always been limited to obligations and contracts for the payment of money. They do not include actions in tort, nor an action upon a contract which is for an uncertain sum. The contract to pay may be implied, as where a man sells and delivers goods without an express agreement as to the price, in an action against the buyer the seller may aver the value, for it can be made certain.

It was said by the learned judge of the Common Pleas that the rule is very extensive and covers this case. If all recognizances are covered by it, so are all bonds and judgments. Some of each of these may be for the payment of money, and others a security for a collateral matter. One class is within the rule, and the other without. If A. and B. give their bond to C., conditioned for the performance of a contract by B. to build a house for C., and B. fails to perform his contract, C. may recover his damages on the bond; but he cannot take judgment in default of an affidavit of defence. There is no standard by which to liquidate such judgment. Whatever the kind of obligation, if it be conditioned for the performance of the duty of a public officer, or of a trustee, or of an agent or clerk, or to secure the delivery of goods, or the rendering of services, it is not within the statutes or rules of court: Dauphin & S. Coal Co. *v.* Dasher, 1 Pearson 148; Strock *v.* Commonwealth, 9 Nor. 272.

In Commonwealth *v.* Hoffman, 24 P. F. Smith 105, it was held, in the court below, that a sheriff's recognizance, by its very terms, is for the performance of a collateral condition, and not within the rules of court, which was affirmed, with the remark that the recognizance was not a record for the payment of money, but for the performance of collateral conditions. There the rule included records. A sheriff's recognizance is a record, and the record was treated precisely as a recognizance,

[Morton *v.* Weaver.]

or judgment, or bond, or mortgage would have been, if conditioned for the security of some collateral matter.

In all the rules and statutes, the several obligations therein named heretofore have been construed to mean only such as were for the payment of money; and, we think, the rule in Westmoreland should receive like construction. The language is similar to that used in prior statutes and rules, which had been judicially interpreted, and, therefore, is presumed to have been employed in the same sense. As the rule does not apply to an action on a sheriff's recognizance, or upon any other instrument to secure collateral conditions, it is unnecessary to decide whether the courts have power to make rules which would include such instruments. If they have, and should exercise it, as remarked by the late Justice WOODWARD, in Sands *v.* Fritz, 3 Nor. 15, the practice of requiring affidavits of defence in such cases would seem capable of producing mischief and injustice.

Judgment reversed, and *procedendo* awarded.