# R. A. MALONE ET AL. v. PHILADELPHIA.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
NO. 1 OF PHILADELPHIA COUNTY.

Argued January 22, 1890—Decided February 3, 1890.

An affidavit of defence filed to an action of assumpsit to recover a balance
claimed for the construction of a city bridge, specifically averring that
the bridge had not been completed within the time provided by the con-
tract, and that the amount claimed was withheld as liquidated damages
authorized by the contract, held sufficient to prevent summary judg-
ment. Whether a municipal corporation can be required to file an affi-
davit of defence, in an action of assumpsit brought under the act of
May 25, 1887, P. L. 271, not decided.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOL-
LUM and MITCHELL, JJ.

No. 167 July Term 1889, Sup. Ct.; court below, No. 346
December Term 1888, C. P. No. 1.

On December 15, 1888, R. A. Malone and others, trading as
R. A. Malone & Sons, brought assumpsit against the city of
Philadelphia, filing a statement of claim for the recovery of a
balance of $3,100 alleged to be due and unpaid to the plaint-
iffs from the defendant upon a completed contract for the con-
struction of the Schuylkill river bridge upon Market street.

The defendant city, suggesting that it could not be required
to file an affidavit of defence, filed an affidavit verified by the
oath of Louis Wagner, Director of the Department of Public
Works, setting out, inter alia, a provision in the contract that,
" the city engineer and surveyor is hereby authorized and di-
rected to deduct and retain, out of the payments which may
become due, the sum of fifty dollars, as liquidated damages
and not as a penalty, for each and every day occupied beyond
the time stipulated ; " and that in the final estimates, the sum
due the city by reason of the plaintiffs' failure to complete the
bridge, within the time specified in the contract, was fixed and
determined by the chief engineer " at $3,634.22, which sum
the defendant was lawfully entitled to retain and did retain,

Opinion of Court below.

not as a penalty, but as liquidated damages, and as compensation to it for the expense and risk to which plaintiffs' failure had subjected the city."

A rule for judgment for want of a sufficient affidavit of defence having been taken, after argument thereof, the court ALLISON, P. J., filed the following opinion:

The action in this case is assumpsit, founded on a contract for the erection of the new or iron bridge over the Schuylkill river at Market street. The amount claimed to be due is $3,100, with interest from April 20, 1888. To this action an affidavit of defence was filed on behalf of the defendant, but, under protest and on denial of a legal requirement to file an affidavit of defence in an action of assumpsit brought against a municipal corporation, and only filed for greater caution, as stated on the argument, after notice that defendant failing to do so judgment would be taken.

By the act of April 21, 1858, P. L. 387, municipal corporations were expressly exempted from the obligation which was imposed on other defendants, in certain cases, to file affidavits of defence. It is now contended, that in this respect the law has been changed by the act of May 25, 1887, P. L. 271, which in the third section provides as follows : " The statement shall be filed by the plaintiff or his attorney, and in the action of assumpsit, shall be replied to by affidavit." In the fifth section it is provided, " that in actions of assumpsit, judgment may be moved for the want of an affidavit of defence, or for want of a sufficient affidavit, . . . . in accordance with the present practice in actions of debt and assumpsit." And in § 8 there is the further statement, that as to the actions recited in the section, it applies to procedure only, and the legal rights of the parties are not in any way to be affected thereby. It is clear that there is no express repeal of the act of April 21, 1858. If, therefore, it is no longer in force, such repeal is to be taken by implication from the general statement in the act of 1887, that actions of assumpsit shall be replied to by affidavit, and the further statements in the fifth and sixth sections, that for want of an affidavit, or of a sufficient affidavit, judgment may be granted.

The policy of the law has been so long settled that we ough†

to be slow to change it, unless its unwisdom be clearly apparent and its repeal be established beyond reasonable doubt. So far from this being the case, we think, in the absence of an express repeal, the policy of the law as established in 1858 and continued in unbroken practice down to the passage of the act of 1887, and as the defendant contends, to the present time, ought to be maintained.

The act of 1858 was doubtless founded on the hardship of imposing on the agents of a municipality a duty, which was, in many cases, impossible, and often most difficult of performance. The want of personal knowledge, the difficulty in obtaining information from subordinates or higher agents of the local government, was in itself a sufficient reason for exempting the municipality from an obligation imposed on the individual suitor, under the affidavit of defence law.

If a person sued has a defence to an action, as the matter is one in which he is individually interested, he may fairly be supposed to have the knowledge which enables him to state and swear to his defence ; but in the case of a municipal corporation, no such knowledge can be assumed. Whatever knowledge may be possessed must be that of an agent or representative of the municipality, and that often divided among two or more persons, no one of whom could make oath to all the existing facts necessary to make out a defence, and, in many instances, agents would be reluctant or unwilling to state actual knowledge, which would or might involve them in individual liability to the municipality.*

As the act of 1858 was, in our opinion, founded on the necessity of protecting municipal governments from judgments which ought not to be entered against them, except under circumstances when a proper defence could be submitted to a court and jury, where witnesses may be compelled to testify under legal process, we do not see our way clear to take from them the protection which they enjoyed under the act of 1858, upon a doubtful interpretation of the act of 1887.

---

*The affidavit of defence requirement is an invaluable part of the juridical machinery. If the head of a city department do not have personal knowledge of the matters of defence, may he not acquire information of them, and aver that he " believes and expects to be able to prove, etc. ? "
—Beg your pardon.

Arguments.

But does the act of 1887, when examined as a whole, justify the conclusion on which the plaintiffs ground their motion? We think it does not. The fifth section declares, that the plaintiff may move for judgment for the whole or for a part of his claim, in accordance with the present practice in actions of debt and assumpsit. The practice in existence when the act of 1887 was passed did not allow judgments to be taken against municipalities for want of an affidavit of defence. Such was the legal right of municipal corporations when the act of 1887 went into operation, which in its eighth section declares, that the legal rights of the party are not in any way to be affected thereby.

The act is declared to refer to procedure only; that is, to the manner of going forward to obtain judgment, and not to the right to take judgments where the rights of parties should be affected thereby. To take from a municipal corporation the right which it then possessed, and to place it on the same footing with an individual suitor is to affect, and to affect injuriously, the right of such a defendant.

The reasonable interpretation of the act of 1887, regarded in all its parts, leads us to the conclusion that it was not the intention of the legislature to take from municipalities any right in this respect which they possessed when the act was passed; that the reasonable and proper conclusion is, that the purpose was to protect existing rights of parties, and that this intention is fairly deducible from the provisions of the fifth and eighth sections of the act. This rule is discharged.

—Thereupon the plaintiffs took this appeal, specifying that the court erred:

1. In holding that a municipal corporation was not bound to file an affidavit of defence, in an action of assumpsit brought under the act of May 25, 1887, P. L. 271.

2. In not entering judgment in favor of the plaintiffs for want of a sufficient affidavit of defence.

*Mr. David W. Sellers*, for the appellant.

On the first assignment of error, counsel cited: Robinson v. Jefferson Co., 6 W. & S. 17; Monaghan v. Philadelphia, 28 Pa. 208; Wheeler v. Philadelphia, 77 Pa. 344; Philadelphia v. M. E. Church, 115 Pa. 291. On the second assignment of

error: Vulcanite Paving Co. v. Philadelphia, 115 Pa. 291; § 13, act of May 13, 1856, P. L. 570; act of June 1, 1885, P. L. 42; Shreve v. Brereton, 51 Pa. 175; March v. Allabough, 103 Pa. 336; Pennypacker v. Jones, 106 Pa. 242; Lauman v. Young, 31 Pa. 307.

*Mr. Abraham M. Beitler*, Assistant City Solicitor (with him *Mr. Charles F. Warwick*, City Solicitor), for the appellee.

On the first assignment, counsel cited: Act of May 25, 1887, P. L. 271; act of April 21, 1858, P. L. 387; Leibert v. Hocker, 1 Miles 263. On the second assignment: Addison on Contracts, 399; Mathews v. Sharp, 99 Pa. 560; March v. Allabough, 103 Pa. 341; Shreve v. Brereton, 51 Pa. 175; Wolf Creek etc. Coal Co. v. Schultz, 71 Pa. 180; Bigony v. Tyson, 75 Pa. 157; Gillis v. Hall, 7 Phila. 422; Streeper v. Williams, 48 Pa. 450; Westerman v. Means, 12 Pa. 97; 2 Greenl. Ev., §§ 258-9.

PER CURIAM:

We need not discuss the first specification of error, as we all regard the affidavit of defence sufficient to send the case to a jury; and, because it must be passed upon by a jury and may come up again in another form, we decline, for obvious reasons, to comment further upon the affidavit.

Affirmed.