# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Commonwealth to use, Appellant, *v.* Milnor.

*Affidavit of defense—Practice, C. P.—Bond—Sheriff—Misfeasance.*

In an action of assumpsit on the official bond of a sheriff, where the action is founded on the misfeasance or negligence of the sheriff in permitting the escape of a husband arrested for nonsupport, no affidavit of defense is required.

Where no affidavit of defense is required, the filing of one whether good or not is immaterial.

Argued Feb. 10, 1903. Appeal; No. 14, Feb. T., 1903, by plaintiff, from order of C. P. Lycoming Co., June T., 1902, No. 465, discharging rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth to use of Cora A. Owens v. Harvey G. Milnor, Sheriff, and the American Bonding and Trust Company of Baltimore. Before BEAVER, ORLADY, SMITH, PORTER and MORRISON, JJ. Affirmed.

Assumpsit on the official bond of a sheriff. Before HART, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*J. F. Strieby*, for appellant.

*Charles J. Reilly*, with him *W. W. Champion*, for appellees.

OPINION BY MORRISON, J., May 4, 1903:

This is an action of assumpsit on the official bond of the sheriff of Lycoming county. The error assigned is in discharging the rule for judgment against the defendants for want of a sufficient affidavit of defense. The declaration is on the official bond of the sheriff of Lycoming county, and it avers that he took upon himself the duties of said office and continued therein up to the time of the bringing of the suit.

The cause of action is stated thus : " On November 15, 1901, the use plaintiff in this suit made information before Henry C. Kellenbach, one of the aldermen in and for the city of .Williamsport, Pennsylvania, charging her husband, George W. Owen, with desertion and nonsupport, whereupon a warrant of arrest was duly issued, and he was arrested and brought before said alderman for a hearing. On the same day the said George W. Owen entered bail before said alderman in the sum of $300 for his appearance at the March sessions of court to answer the said charge of desertion and nonsupport. On March 7, 1902, the said case was called for trial before the said court of quarter sessions of Lycoming county. After hearing, the court sentenced the said George W. Owen ' to pay the costs and $5.00 per week to the prosecutrix until the further order of the court or secure them to the sheriff within ten days and stand committed until the sentence is complied with.' "

It is then averred that " on March 8, 1902, one of the deputy sheriffs of Lycoming county, while acting as such deputy, in pursuance of the sentence of the court, apprehended the said George W. Owen and took him into his custody and brought him into the sheriff's office in the courthouse in the city of Williamsport, Pennsylvania, when and where he was ordered and directed by Joseph W. Milnor, the regular appointed and acting deputy sheriff of Lycoming county for the said Harvey G. Milnor, to release him, the said George W. Owen, from further custody, and to allow him to depart from the sheriff's office and to go at large at his own pleasure. Since said date the said George W. Owen has not been seen in the county ; and the said sheriff has not apprehended him and has not committed him to the county jail as under the sentence of the court it became his duty so to do, and has not had him in custody in any manner whatsoever, but voluntarily allowed him to escape and to be at large, contrary

to the said sentence and final order of the court." Then follows a copy of the sheriff's official bond. The portion of the bond of which the breach is alleged is as follows: "and shall and do from time to time and at all times during his continuance in said office well and faithfully execute and perform all and every trusts and duties to the said office belonging." The declaration concludes with a demand for judgment in the sum of $25,000, the penal sum of the bond, for the use of said Cora A. Owen in the sum of $5.00 per week from March 7, until the rendition of judgment.

The affidavit of defense concludes as follows: "The honorable court gave the said George W. Owen until the next day to comply with the said sentence, and then and there did not require of him an immediate compliance with the said sentence, and then and there did not commit him to the county prison or to the custody of the affiant, or any of his appointees or deputies, but gave him leave to depart from the court; that the said honorable court has not at any time since made any other or final order committing the said George W. Owen to the county prison or to the custody of the affiant or to any of his deputies or appointees, and, that the said Harvey G. Milnor never had and never was given the custody of the said George W. Owen, all of which he avers and expects to be able to prove upon the trial of said action."

The plaintiff's cause of action is predicated of the misfeasance or negligence of the sheriff, and, although the action is in form assumpsit the question is raised as to the right of the plaintiff to demand an affidavit of defense. In Borlin v. Commonwealth, 99 Pa. 42, it was held, that in an action on sheriff's recognizance no affidavit of defense could be required. On page 47, Mr. Justice TRUNKEY in delivering the opinion of the court, said: "In all the rules and statutes, the several obligations therein named heretofore have been construed to mean only such as were for the payment of money; and, we think the rule in Westmoreland should receive like construction. The language is similar to that used in prior statutes and rules, which had been judicially interpreted, and, therefore, is presumed to have been employed in the same sense. As the rule does not apply to an action on a sheriff's recognizance, or upon any other instrument to secure collateral conditions, it is un-

necessary to decide whether the courts have power to make rules which would include such instruments. If they have, and should exercise it, as remarked by the late Justice WOOD-WARD, in Sands v. Fritz, 84 Pa. 15, the practice of requiring affidavits of defense in such cases would seem capable of producing mischief and injustice.

It is true that this decision was prior to our procedure act of 1887, but we are not aware that this act has ever been held to require an affidavit of defense on a sheriff's recognizance or bond, at least in an action founded on misfeasance or negligence. In Osborn v. First National Bank, 154 Pa. 134, it was held: "Under the Act of May 25, 1887, P. L. 271, an action of assumpsit for a penalty is an action ex delicto, and as it was not 'in accordance with the present practice in actions of debt and assumpsit' to take judgment for want of an affidavit of defense in actions ex delicto, the act of 1887 does not apply." In Corry v. Penna. R. R. Co., 194 Pa. 516, it was said on page 520 by Mr. Justice GREEN, on February 5, 1900: "We think an examination of the act of 1887 clearly shows that it was the intent of the legislature to confine the remedy by judgment for want of an affidavit of defense to actions ex contractu alone, as they were before the act was passed, and not to extend this remedy to actions ex delicto, or in their nature ex delicto." We think this case is conclusive that in an action of assumpsit for a cause of action like the one under consideration, no affidavit of defense can be required. The judgment of the court below in discharging the rule for want of a sufficient affidavit of defense might well be affirmed upon the authority of these cases, but there is an additional reason urged why the order or judgment was correct. The proceeding against George W. Owen in the court of quarter sessions of Lycoming county was under the provisions of the Act of April 13, 1867, P. L. 78, the 2d section of which provides: "The information, proceedings thereon, and warrant shall be returned to the next court of quarter sessions, when it shall be lawful for said court, after hearing, to order the person against whom complaint has been made, being of sufficient ability, to pay such sum as said court shall think reasonable and proper, for the comfortable support and maintenance of the said wife or children, or both, not exceeding one hundred dollars per month, and commit such

person to the county prison, there to remain until he comply with such order, or give security by one or more sureties to the commonwealth, and in such sum as the court shall direct for the compliance therewith." An inspection of the order made by the court below will show that it does not comply with the provisions of this act. It reads : " To pay the costs and five dollars per week to the prosecutrix until the further order of the court, or secure them to the sheriff within ten days and stand committed until the sentence is complied with." This order is defective in that it does not commit the defendant to the county prison, and it does not fix the amount of the security to be given to the commonwealth, and does not provide that when given it shall be approved by the court. It is argued that it was a mistake for the court to order, " or secure them to the sheriff within ten days." The law clearly requires the security to be to the commonwealth in such sum as the court shall direct, but the court did not fix any sum, and the plain implication is that the security be given to the sheriff, which is not as directed by the statute. For these reasons it is argued that no affidavit of defense was required. But the view we have taken as to the cause of action not being within the affidavit of defense law or rules makes it unnecessary to decide this question.

Where no affidavit of defense is required, the filling of one whether good or not is immaterial : Bartoe v. Guckert, 158 Pa. 124. Therefore the question of whether the affidavit of defense was sufficient is not important because the plaintiff's cause of action is in its nature ex delicto and no affidavit of defense is required. We do not consider Commonwealth ex rel. v. Yeisley, constable, and his surety, on official bonds, 6 Pa. Superior Ct. 273, in conflict with our conclusion in the case in hand. In that case RICE, P. J., says : " The action was in substance, as well as in form, ex contractu, and by express terms of the act of 1887, the plaintiff's statement in such a case shall be replied to by affidavit." We have endeavored to show that the case in hand is ex delicto, and if this is so it is not ruled by the case last above cited. The assignment of error is overruled and the judgment is affirmed.