## Crowther v. Pottstown Borough.

*Negligence—Affidavit of defence—Practice, C. P.—Acts of May 14, 1915, and May 3, 1917.*

1. Under the Acts of May 14, 1915, P. L. 483, and May 3, 1917, P. L. 149, a borough is not required to file an affidavit of defence in a negligence case, and, therefore, the filing of one, whether good or bad, is immaterial.

2. If a borough files an affidavit of defence in such a case and fails to set up a particular matter of defence in the affidavit, it is not barred from setting up such defence at the trial.

Defendant's motions for a new trial and judgment in its favor n. o. v. C. P. Montgomery Co., Feb. T., 1922, No. 125.

*Charles D. McAvoy*, for plaintiff; *Jesse R. Evans*, for defendant.

MILLER, P. J., July 10, 1924.—In this suit by a passenger or guest in an automobile against the defendant borough for the recovery of damages for personal injuries alleged to have been sustained because of the dangerous condition in which the defendant negligently maintained one of its streets, the verdict was for the plaintiff and the defendant has moved for a new trial and judgment in its favor n. o. v. The accident happened on June 16, 1920, and the trial opened on Feb. 25, 1924. The statement of claim was filed March 31, 1922, and for some reason that does not appear the defendant filed an affidavit of defence on Nov. 1, 1923. The trial was confined to the issues thus raised. The only reasons assigned for a new trial are that the verdict was against the law and the evidence.

Except as to denials of liability, which amounted to nothing because they were too general and indefinite in character and stated only defendant's conclusion of law on the facts as set up by it (Kirk v. Showell, 276 Pa. 587, 590), the affidavit of defence disclosed as the only defence to the claim that the borough mistakenly considered itself absolved from all liability to the plaintiff in the premises because of its contract with the local trolley company whose projecting rails in the bed of the street were alleged to have caused the accident. In other words, the defendant took the position in its affidavit that plaintiff had sued the wrong party, his right of action being against the trolley company alone. There was, of course, no merit in this defence and it was abandoned at the trial, which proceeded, at first, on the issues of negligence in the respective parties to the suit.

Later, however, it was developed that the accident had indisputably occurred on an approach to a county bridge which carries the street in question over Manatawney Creek, over which approach the defendant had no jurisdiction and the latter, therefore, denied liability for this additional reason. This

defence had not even been hinted at in the affidavit and, on the theory that defences not set forth in an affidavit of defence cannot be raised on the trial, it was, on motion of plaintiff and after it was partly in evidence, withdrawn by the trial judge from the jury's consideration. If this was error, as is now alleged by the defendant, then the verdict was unquestionably against the law.

The defendant is a municipality. By section 12 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of May 3, 1917, P. L. 149, the defendant was not required to file an affidavit of defence. Had it availed itself of its exemption under the law and not done so, the defence thus excluded from the jury's consideration could have been raised at the trial. It did file it, however, and the question now for consideration is, therefore, whether, notwithstanding that fact, it still could properly set up this defence.

In filing the affidavit, defendant was a mere volunteer: Middletown & S. C. W. Co. *v.* Middletown Borough, 3 D. & C. 587. Where no affidavit of defence is required, the filing of one, whether good or not, is immaterial: Bartoe *v.* Guckert, 158 Pa. 124; Com. *v.* Milnor, 23 Pa. Superior Ct. 1, 5. Generally speaking and were it not for our statute, the defendant could have relied upon such matters of defence only as had been put in issue by its affidavit and the jury could properly have considered only the issues made by the pleadings and proof, but the rule is otherwise in Pennsylvania. The statutory exemption is founded upon public policy and there is, therefore, no implied waiver by the municipality if an affidavit be put on record by a borough official: Bethlehem City Water Co. *v.* South Bethlehem Borough, 14 Dist. R. 720; Glass *v.* Mt. Holly Springs, 9 Pa. Justices' Law Repr. 249. The statute is founded on the necessity of protecting municipal governments from judgments which ought not to be entered against them, except under circumstances where a proper defence could be submitted to a court and jury: Malone *v.* Philadelphia, 132 Pa. 209, 211.

In the case at bar the affidavit was unnecessarily and improvidently filed. It failed to set up that which, if true, was a complete defence to the plaintiff's claim. Because of this fact, the borough was held in its proofs at the trial to the same rule that applies to an individual defendant. It should have been allowed to submit to the consideration of the jury the defence that the accident had occurred on the approach to a county bridge. The result was, in effect, that the defendant borough was held responsible for the voluntary, unnecessary and inadequate or incomplete act of its representatives. This was error and, of course, requires that a new trial be granted. The verdict was against the law.

Our conclusion in this connection renders quite unnecessary any further discussion of the case. We, therefore, content ourselves with the mere observation that upon careful consideration of the record and arguments of counsel on this motion, the impression of the trial judge, as formed at the trial, is confirmed. The verdict rendered by the jury was wholly unexpected. It came as a complete surprise and was based, no doubt, on sympathy for the afflicted plaintiff. It was so clearly also against the weight of the evidence on the questions of defendant's negligence and plaintiff's contributory negligence as to lead inevitably to the conclusion that the jury had practically disregarded the evidence in the case. It was against the evidence. To allow it to stand would work a grave injustice.

And now, July 10, 1924, the motion for a new trial is allowed, both reasons are sustained, the rule is made absolute and a new trial is granted. The motion for judgment for defendant *non obstante veredicto* is, for this reason, formally overruled.      From Aaron S. Swartz, Jr., Norristown, Pa.