### 𝖂𝖞𝖙𝖍𝖊𝖛𝖎𝖑𝖑𝖊.

LYNCHBURG TRUST & SAVINGS BANK *v.* A. G. ELLIOTT & CO.

June 24, 1897.

1. FORTHCOMING BONDS—*How payable—Lien of—Effect of bond payable to sheriff.*—A forthcoming bond taken under section 3617 of the Code and made payable to the sheriff, instead of to the execution creditor, as required by that section, does not have the force of a judgment against the obligors therein, under section 3619 of the Code. The lien given by section 3619 being statutory, the steps which lead up to it must be substantially in accordance with the provisions of the statute which create it. The bond is inoperative as a statutory bond and creates no lien, though it may be a good common law bond and the sheriff may sue upon it. In the absence of a statute to that effect, a bond payable to one person cannot operate as a lien in favor of another.

Appeal from a decree of the Corporation Court of the city of Roanoke, pronounced October 9, 1894, in a suit in chancery wherein the appellant and another were the complainants, and James A. McConnell and another were the defendants, in which suit the appellees asserted a lien on the lands of said Connell.

*Reversed.*

The opinion states the case.

*Smith & King*, for the appellant.

*W. W. Berkley*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal from a decree rendered in a suit brought by the creditors of James A. McConnell against him and an-

other to subject his lands to the payment of their debts. The account of liens taken in the case gave the claim of the appellees priority over that of the appellant. If the debt asserted by the appellees be a lien at all upon McConnell's lands, there can be no doubt that it has priority over the lien of the appellant. The ground upon which the appellees claim that the debt asserted by them is a lien is that they had two judgments against the Roanoke Times Publishing Co., upon which executions were issued, property levied on, and a forthcoming bond given by the execution debtor with J. A. McConnell and another as sureties; that the condition of the bond was not complied with; that after its forfeiture it was returned to the clerk's office of the court from which the execution issued; the date of its return endorsed thereon by the clerk of the court; and that from that time it became a lien upon the lands of the obligors in the bond, under sections 3617 and 3619 of the Code, which are as follows:

"Sec. 3617. The sheriff or other officer levying a writ of *fieri facias* or distress warrant may take from the debtor a bond, with sufficient surety, payable to the creditor, reciting the service of such writ or warrant, and the amount due thereon (including his fees for taking the bond, commissions, and other lawful charges, if any), with condition that the property shall be forthcoming at the day and place of sale ; whereupon such property may be permitted to remain in the possession and at the risk of the debtor."

"Sec. 3619. If the condition of such forthcoming bond be not performed, the officer, unless payment be made of the amount due on the execution or warrant (including his fee, commission, and charges aforesaid), shall, within thirty days after the bond is forfeited, return it with the execution or warrant to such court, or to the clerk's office of such court as is prescribed by section 900. The clerk shall endorse on the bond the date of its return ; and against such of the obligors therein as may be alive when it is forfeited, and so returned, it shall have the force of a judgment. But no execution shall issue thereon under this section."

The appellant denies that there was any such lien, because the bond was not taken and returned in accordance with these provisions of the Code.

A number of objections are made here to the bond and the

return of the sheriff, but the only objection made in the court below (and that is the only one that will be considered here), was that the bond was made payable to the *sheriff* who took it, instead of to the *execution creditor*, as the statute requires. The lien which results from the execution and return of a forfeited forthcoming bond is the creature of the statute, and in order to be valid the proceedings which lead up to it must be substantially in accordance with the provisions of the statute which creates it. A statutory lien can only exist when it has been perfected in the manner prescribed by the statute creating it. 1 Jones on Liens, sec. 106. Making the bond payable to a person other than that provided for in the statute renders it inoperative as a statutory bond, and when forfeited and returned to the clerk's office, it does not have the force of a judgment, nor does it constitute a lien upon the lands of the obligors in the bond, as it would have done if it had been taken and returned in the manner provided by the Code. The execution creditor can have the bond quashed, because it was not taken in accordance with the statute (*Dowman* v. *Chinn*, 2 Wash. 189), but he cannot proceed upon it by action or motion in his own name. It may be a good common law bond, and the sheriff may bring an action of debt upon it (*Beale* v. *Downman*, 1 Call 249; *Johnston* v. *Meriwether*, 3 Call 523), but a bond made payable to one person cannot operate as a lien in favor of another, in the absence of a statute to that effect.

The decree appealed from, in so far as it holds that the claim of the appellees was a lien upon McConnell's lands, and gives it priority over the judgment of the appellant, must be reversed, and this court will enter such decree as the Corporation Court of the city of Roanoke ought to have entered.

*Reversed.*