## Staunton

### FIELDS-WATKINS COMPANY V. HENSLEY.

September 9, 1915.

1. INTERPLEADER—*Possession by Seller—Code, Section 2465—Evidence.*—A bill of sale not admitted to record, of personal property which has been permitted to remain in the possession of the seller, is void as to creditors of the seller, under the provisions of section 2465 of the Code, and, in a proceeding by the purchaser to try the title ·to such property, such· bill of sale is not admissible in evidence. It is not necesary, in order to render such bill of sale void under the statute, that it should appear by the provisions of the writing itself that the possession of the property was to remain with the seller.

2. INTERPLEADER—*Suspending Bond—When Proceedings Must Be Instituted—Instructions.*—Where an execution is levied on property in the possession of the execution debtor, and the property is claimed by another, it is necessary, under the provisions of section 3001 of the Code, not only for the claimant to execute a suspending bond, but also, within thirty days after the execution of such bond, to institute proceedings to settle the title to the property so levied on, else it will be conclusively presumed to be the property of the party in possession. The giving of the suspending bond and the institution of the proceedings aforesaid, within the time prescribed by the statute, are indispensable requisites to the jurisdiction of the court to settle the title under the statute. When the suspending bond was given and when the proceedings were instituted are questions to be determined by the court as they appear on the record, and it is error to refer them to the jury.

Error to a judgment of the Circuit Court of Dickenson county in an interpleader proceeding. Judgment for the plaintiffs. Defendants assign error.

*Reversed.*

The opinion states the case.

*Sutherland & Sutherland* and *W. W. Bird,* for the plaintiffs in error.

*Skeen & Skeen,* for the defendants in error.

CARDWELL, J., delivered the opinion of the court.

At the March term of the Circuit Court of Dickenson county, 1914, R. E. Hensley and J. B. Crouch presented their separate petitions claiming the ownership of certain personal property, consisting of five mules, one horse, wagon and harness, on which executions in favor of Fields-Watkins Company and Barker-Jennings Hardware Company, respectively, against A. E. Sprinkle and J. W. Sprinkle had been levied and the property advertised for sale, said petitioners having in October, 1913, executed to the officer levying said executions suspending bonds for the purpose of having the true ownership and rights of said property tried and determined as provided for by statute, section 3001 of Code, 1904.

The bills of sale under which said petitioners made claim to the property in question, the one to R. E. Hensley and the other to J. B. Crouch, both brothers-in-law of the said A. E. and J. W. Sprinkle, were by the two last named executed in April, 1913, and it is not controverted that the property they purported to convey to the respective vendees was allowed to remain with and in the use of the vendors, for the reason, as stated by J. W. Sprinkle, that at the time of the alleged sales and of the execution of the alleged bills of sale, which were *mutatis mutandis* the same, the property thereby conveyed was under a deed of trust theretofore executed by said A. E. and J. D. Sprinkle to one N. D. Bachman, trustee. On the 14th day of July, 1913, Bachman, trustee, having fully executed the trust under which the property here in question was held by him, with-

out having to apply the said property to the purposes of his trust, released the same to said A. E. and J. W. Sprinkle, taking their receipt therefor in writing bearing the date just mentioned, and while said property was still in the possession of said A. E. and J. W. Sprinkle, to-wit, in October, 1913, said Fields-Watkins Co. and Barker-Jennings Hardware Co. renewed their respective executions against the said A. E. and J. W. Sprinkle, which had been theretofore levied upon said property, and caused them to be again levied by a deputy sheriff of Dickenson county upon the same property; whereupon the said R. E. Hensley and J. B. Crouch executed respectively to the said officer suspending bonds, as before stated, the property being still left in the possession of A. E. and J. W. Sprinkle, and at the March term of the Circuit Court of Dickenson county, 1914, filed their petitions in the proceeding for the purpose of having the true ownership of said property tried and determined. At the following September term of the court issue was joined in each case and the causes were tried together, resulting in separate verdicts against said execution creditors who were made defendants in the issue, which verdicts the court refused to set aside, on the motion of the defendants, and entered judgment thereon, whereupon said defendants applied for and obtained this writ of error.

The first question requiring consideration arises on plaintiffs in error's, defendants below, bill of exceptions No. 2, taken to the ruling of the trial court in allowing certain evidence to go to the jury. A. E. Sprinkle, testifying for the plaintiffs in the issue having stated that they owned the property in controversy claimed by them, respectively, when the sheriff levied on the same, and that he (witness) did not own this property, was handed for identification a paper purporting to be a bill of sale claimed to have been executed by witness and his brother, J. W. Sprinkle,

to R. E. Hensley, one of the plaintiffs, for the property in dispute, to which he asserted title, and said paper was admitted in evidence over the objection of the defendants made to its introduction, upon the ground that the property therein referred to had been allowed to remain with the vendors, the witness and his brother, J. W. Sprinkle; that the alleged bill of sale had not been admitted to record and was void as to defendants, creditors of the said A. E. and J. W. Sprinkle, by virtue of the provisions of section 2465 of the Code of Virginia.

This assignment of error is well taken. It is apparent as well as undisputed that this alleged bill of sale was never admitted to record, and the contention made by the learned counsel for defendants in error, that in order to make the bill of sale void under the statute as to creditors, it must appear by the provisions of the writing itself that the possession of the property was to remain with the vendor, is wholly without merit. The language of the statute, *supra,* is in the broadest and most comprehensive language, having in view, doubtless, the avoidance of such controversies as arose in this case. It provides that every bill of sale or contract for the sale of goods or chattels, when the possession is allowed to remain with the grantor (and any such bill of sale or contract shall be in writing and signed by the vendor), shall be void as to creditors, until and except from the time that it is duly admitted to record in the county or corporation wherein the property embraced in such bill of sale or contract may be.

In this case it is admitted that the property remained with the vendors after the execution of the alleged bill of sale, and it is not controverted that when the property was released from the deed of trust to Bachman, trustee, on the 14th day of July, 1913, it was not turned over to the vendees in the alleged bills of sale on an order from A. E. and J. W. Sprinkle, or otherwise, but was turned over to the

Sprinkles, who receipted to the trustee for the same, and there is not a word of testimony in this record to the effect that even after it was released from said deed of trust the possession thereof was ever changed from that of the vendors in the alleged bills of sale or that the vendees therein named, or either of them, ever exercised any control over the property or asserted a claim thereto. In these circumstances the alleged bill of sale, admitted in evidence in this cause over the objection of the defendants in the issue, plaintiffs in error here, should have been excluded.

As observed, the suspending bonds given by defendants in error for the purpose of having tried and determined their rights with respect to the property in question, were executed in October, 1913, and the petitions filed in this proceeding for the purposes indicated, were not filed till March 10, 1914. The statute in such cases made and provided—sec. 3001, Code, 1914—requires a person claiming to be a *bona fide* purchaser of property from an insolvent debtor in a controversy with creditors of such debtor seeking to subject the property to the payment of their debts, to show by a preponderence of the evidence, not only that he purchased the property in good faith, but in default of possession passing to him, he must explain by clear and convincing evidence why the possession of the property was allowed to remain with the seller, and if there is a bill of sale (which must be in writing), it must be recorded; if there is no bill of sale and possession remains with the vendor, it is *prima facie* fraudulent. *Bindley* v. *Martin,* 28 W. Va., where at pp. 793 to 794 the cases in point decided by this court are reviewed and approved.

Section 3001 of our Code, *supra,* after providing that an officer levying or required to levy an execution, etc., on property, where a doubt arises whether the property is liable to such levy, upon notice to the plaintiff, etc., the plaintiff or some one for him may give an indemnifying

84

bond to such officer, conditioned, etc., the statute reads: ."provided, however, that when the property claimed to be liable by virtue of the process aforesaid is in the possession of any of the parties against whom such process was issued, but is claimed by any other person or persons, or is claimed to belong to any other person or persons, the officer having such process in his hands to be executed shall proceed to execute the same, notwithstanding such claim unless the claimant of said property or some one for him, shall give a suspending bond as provided by section 3003 of the Code of Virginia, and shall within thirty days after such bond is given proceed to have the title to said property settled in accordance with the provisions of this chapter. And in case such claimant or some one for him fails to give such bond, or having given such bond fails to have such proceedings instituted as aforesaid to settle the title thereto, said property shall be conclusively presumed to be the property of the party in possession, and the officer who executes such process shall not be liable to any such claimant for any damages resulting from the proper execution of such process as is required by this section."

The plain meaning of the statute is that a claimant of property levied on for a debt due from the party in the possession of the property, must not only execute the suspending bond required by the statute, but must within thirty days from the execution of such bond institute the proceedings provided for by statute to settle the title to the property so levied on, and upon his failure to have such proceedings instituted as required by the statute, the property is to be conclusively presumed to be the property of the party in possession.

At the trial of this cause, and after the evidence therein had been submitted to the jury, the court, over the objection of the defendants, gave the following instruction asked by the plaintiffs: "The court tells the jury that if they be-

lieve by a preponderance of the evidence in this case that A. E. and J. W. Sprinkle, in good faith sold the property in controversy to J. B. Crouch and R. E. Hensley, prior to September, 1913, they should find for the plaintiff, unless the jury shall believe from a preponderance of the evidence that said Sprinkles, or either· of them, were in the possession of the property at the time of the levy of the executions in evidence, and that the claimants of the property failed to give a suspending bond and to proceed within thirty days after execution of said bond to institute proper proceedings to have the title to the property in dispute settled as provided by law."

The evidence in the case, as we have seen, is all to the effect that the possession of the property in dispute remained with the debtors to the time of the levy of the executions in favor of the defendants, and hence there was no foundation for referring that question to the jury at all, but the jury should have been instructed solely on the theory that the possession of the property had remained with the execution debtors and was to be conclusively presumed to be their property. The giving of the suspending bonds by the plaintiffs as the claimants of the property in question and the proceedings within thirty days from the execution of the suspending bonds to have the rights of the property determined, was an indispensable requisite to the jurisdiction of the court in this cause. The time of the giving of the suspending bonds appeared by the bonds themselves and the date of the institution of these proceedings to have the rights of the property determined also appeared on the face of the record, showing without question that these proceedings were not instituted within thirty days from the date of the giving of the suspending bonds.

Upon this state of the record the trial court erred in referring to the jury the questions as to when the suspend-

ing bonds were given and when these proceedings to have the rights of the property in question determined were instituted, but should itself have determined those questions and dismissed the proceedings for the want of jurisdiction to proceed further therein.

It becomes unnecessary to consider other assignments of error in the petition for this writ of error.

The judgment of the circuit court complained of is reversed and annulled, the verdict of the jury set aside, and this court will enter the judgment which the circuit court should have entered, dismissing the cause with costs to plaintiffs in error, defendants below.

*Reversed.*