## Staunton.

## KISER V. HENSLEY AND OTHERS.

### September 19, 1918.

1. BONDS—*Statutory Bonds—Statutory Bond as Common-Law Bond.*
   —To be good as statutory bonds, bonds must substantially
   conform to the statutes authorizing their execution. Unless
   they do so. conform, while they may be good as common-law
   bonds, they are not valid as statutory bonds.

2. FORTHCOMING AND DELIVERY BONDS—*Section 3004, Code of 1904—
   Failure to Comply with Statute.*—Under section 3004, Code of
   1904, a bond·payable to the sheriff and not to the creditor,
   which does not recite the amount due upon the execution, in-
   cluding the fee for taking the bond, commissions and other
   charges, and conditioned that the claimant shall have property
   forthcoming and subject to the order of the court, instead .of
   forthcoming at such time and place of sale as may be thereafter
   lawfully appointed, as required by the statute, is not good as
   a statutory forthcoming bond.

3. FORTHCOMING AND DELIVERY BONDS—*Failure of Claimant to In-
   stitute Statutory Proceedings—Unlawful Possession by Claim-
   ant.*—A claimant of property levied on under an execution filed
   a. suspending bond, but failed to institute his interpleader pro-
   ceedings under the provisions of section 3001 of the Code of
   1904 within thirty days from the date of the suspending bond.
   *Held:* That from the expiration of the period of thirty days, the
   possession of the property by the claimant was unlawful, and
   hence at his risk.

4. FORTHCOMING AND DELIVERY BONDS — *Construction — Replevin
   Bond.*—Inasmuch as the statutory proceeding by interpleader
   in Virginia is a substitute for the common-law writ of replevin,
   it is proper to construe a bond given by a claimant of property
   taken under execution, which, although not valid as a statutory
   forthcoming bond under section 3004 of the Code of 1904, but
   good as a common-law bond, as it would have been construed
   at. common law, if it had been a replevin bond, or a redelivery
   bond, in an action of replevin.

5. BONDS—*Replevin Bond—Measure of Recovery.*—The measure of
   recovery on a replevin bond, when part of the goods only are
   returned, is the value of the goods not .so returned.

6. FORTHCOMING AND DELIVERY BONDS—*Measure of Recovery—Invalid Statutory Bond Good as Common-Law Bond.*—In the case at bar, which was a motion on a bond given by a claimant to a sheriff for property levied on under an execution, which bond was not valid as a statutory forthcoming bond under section 3004 of the Code of 1904, but was good as a common-law bond, the measure of recovery, for failure to produce for sale the property levied on, was not the execution debts, principal, interest, costs and commissions, but the value of the property levied upon, and it may be doubted whether, even if the bond had conformed strictly to the statute, the measure would have been different. If the value of the property levied on had exceeded the amount of the execution, the measure of recovery would have been the amount of the execution, interest, costs, etc.

Error to a judgment of the Circuit Court of Russell county, in a proceeding by motion for a judgment for money upon a forthcoming bond.

*Affirmed.*

The opinion states the case.

*T. L. Sutherland, W. W. Bird* and *Sutherland & Sutherland,* for the plaintiff in error.

*Finney & Wilson* and *C. C. Burns,* for the defendants in error.

PRENTIS, J., delivered the opinion of the court.

This case is the sequel to *Fields-Watkins Co.* v. *Hensley,* 117 Va. 661, 86 S. E. 113. It was there decided that where an execution is levied on property in the possession of the execution debtor and the property is claimed by another, it is necessary under the provisions of section 3001 of the Code, not only for the claimant to execute a suspending bond, but also within thirty days after the

execution of such bond to institute proceedings provided for by statute to settle the title to the property levied on, and that, upon his failure to do so within that period, the property is conclusively presumed to be the property of the party in possession. The interpleader proceeding which was instituted by the claimant of the property levied on in that case not having been instituted within thirty days after the execution of the suspending bond, this court reversed a judgment in his favor and dismissed the proceeding.

This claimant, however, had also given a bond which it is claimed should be construed to be a forthcoming bond under section 3004 of the Code, and the case in judgment is a motion upon that forthcoming bond. The bond is in these words:

"Know all men by these presents, that R. E. Hensley and Albert Breeding, surety, are held and firmly bound unto G. F. Kiser, sheriff of Dickenson county, Virginia, in the sum of one thousand dollars, to the payment whereof well and truly to be made to the said G. F. Kiser, as aforesaid, and we bind ourselves and each of us jointly and severally firmly by these presents. And we hereby waive the benefit of our homestead exemptions as to this obligation, sealed with our seals and dated this the........day of October, 1913.

"The condition of the above obligation is such, that, whereas, Barker-Jennings Hardware Co. and Fields-Watkins Co. have sued out of the clerk's office of Russell county, Virginia, writs of *fieri facias* against A. E. and J. W. Sprinkle and have placed same in the hands of G. F. Kiser, sheriff as aforesaid; and

"Whereas, said G. F. Kiser, sheriff as aforesaid, by Jeff Long, his deputy, has levied same upon five mules, one horse, two wagons and harness which property is claimed by the above named R. E. Hensley, and the said R E.

Hensley desired the sale of said property suspended until his claim to same can be litigated; and,

"Whereas, said property was at the time of said levy and is now in the possession of the said R. E. Hensley; and,

"Now, therefore, if the said R. E. Hensley, shall have said property forthcoming and subject to the order of the court, then this obligation is to be void, otherwise to rmain in full force and effect."

It is perfectly well settled that to be good as statutory bonds, such instruments must substantially conform to the statutes authorizing their execution. Unless they do so conform, while they may be good as common law bonds, they are not valid as statutory bonds. *Downman* v. *Chinn,* 2 Wash. (2 Va.) 189; *McClunn* v. *Steel,* 2 Va. Cas. (4 Va.) 256; *Glascock* v. *Dawson,* 1 Munf. (15 Va.) 606; *Martin* v. *Sturm,* 5 Rand. (26 Va.) 696; *Meze* v. *Howver,* 1 Leigh (28 Va.) 443; *Lynchburg, etc., Bank* v. *Elliott,* 94 Va. 700, 27 S. E. 467; *Hall* v. *Wadsworth,* 35 W. Va. 375, 14 S. E. 6.

A comparison of this bond with the statute demonstrates that it cannot be held good as a statutory bond, because—

(a) The statute requires that it shall be payable to the creditor, while this bond is payable to the sheriff;

(b) The statute requires the bond to recite the amount due upon the execution, including the fee for taking the bond, commissions and other lawful charges, if any, while such a recital is entirely omitted from this bond;

(c) The statute requires the bond to have a condition that the property shall be forthcoming at such time and place of sale as may be thereafter lawfully appointed, while the condition of this bond is that the claimant shall have the property forthcoming and subject to the order of the court.

It is clear, then, that the bond is not good as a statutory forthcoming bond.

After the interpleader proceeding had been dismissed in this court, the sheriff appointed a day and place for the sale of the property levied upon (consisting chiefly of mules and wagons), and the claimant failed to produce a part of the property, some of the animals having in the meantime died. Such as were produced were sold by the sheriff and the execution credited with the proceeds. Then the execution creditors instituted this motion in the name of the sheriff upon the forthcoming bond above referred to, claiming that their measure of recovery was the execution debts, principal, interest, costs and commissions, subject to credit for the property which had been delivered and sold; whereas, the claimant of the property claimed, first, that he was not liable for his failure to produce for sale the animals which had died before the day of sale, and, second, that he was not liable for the execution debt, but only for the value of the property levied on, which he failed to deliver to the sheriff for sale. The trial court overruled his defense based upon the fact that some of the mules had died, because it was not shown that they died within thirty days from the date of the suspending bond, and held that because the claimant had failed to institute his interpleader proceedings within such thirty days, therefore, from the expiration of that period, the possession of the property had been unlawfully held, and hence at his risk. As to this we agree with the trial court.

The court, however, sustained the defense that the claimant was not liable for the balance due on the executions, but was only liable for the value of the property levied upon which he failed to redeliver to the sheriff, and so instructed the jury. There was a verdict and judgment in favor of the plaintiff in error for such value only, instead of for such balance due, and this is the only question which needs consideration.

Inasmuch as the statutory proceeding by interpleader

in Virginia is a substitute for the common law writ of replevin (Report of Revisors, 1849, pp. 735, 765; *Allen* v. *Hart,* 18 Gratt. [59 Va.] 730; Burks' Pl. & Pr., 215; 4 Min. Inst. [3d ed.], Pt. 1, 430), it is proper to construe this bond as it would have been construed at common law, if it had been a replevin bond, or a redelivery bond, in an action of replevin.

The measure of recovery on a replevin bond, when part of the goods only are returned, is the value of the goods not so returned. *Edwin* v. *Cox,* 61 Ill. App. 567.

"The interest of the sheriff on levy upon property is to the amount of his execution—by virtue of the execution he is entitled to the possession of the property for the purpose of sale and satisfaction. Hence, if the property levied upon be replevied, and be of greater value than the amount of the execution, the rule of damages would be the amount of the execution, interest and costs made upon said suit; if the value of the property be less than the amount of the execution, then the full value of the property." *Jennings* v. *Johnson,* 17 Ohio 154, 49 Am. Dec. 451; *Dodge* v. *Chandler,* 13 Minn. 114 (Gil. 105) ; *La Crosse, etc., Co.* v. *Robertson,* 13 Minn. 291, (Gil. 269) ; *Booth* v. *Ableman,* 20 Wis. 21, 88 Am. Dec. 730; *Bleiler* v. *Moore,* 88 Wis. 438, 60 N. W. 792; 34 Cyc. 1568, 1575; *Larabee* v. *Cook,* 8 Kan. App. 776, 61 Pac. 815; *Sands* v. *Fritz,* 84 Pa. 15; *Gingell* v. *Turnbull,* 3 Bingham's N. C. 881. This seems to be the universal rule. 34 Cyc. 1582, and cases cited.

A very recent case is *Trindle* v. *Register, etc., Co.,* 58 Colo. 81, 142 Pac. 282.

So that it seems to us clear that the trial court correctly instructed the jury, and that there is no error in the judgment.

It may be remarked in passing that it may well be doubted whether, even if this bond had conformed strictly to the statute, the result would have been different.

All of the cases in Virginia, so far as we are advised, referring to forthcoming bonds have been as to forthcoming bonds given by execution debtors or by tenants whose property had been levied on under distress warrants. If the revisors merely intended the statutory proceeding by interpleader under chapter 142 of the Code to be a substitute for the writ of replevin, and thereby to provide a simple and uniform method for trying conflicting claims to personal property, it is difficult to understand why such a burden should rest upon the claimant of property who is endeavoring to protect it from an illegal levy as to require of him just what is required of a debtor under an execution who is already liable and in default and desires by the forthcoming bond to obtain an extension of time in which to pay his debt. If the property so levied upon exceeds in value the principal, interest and costs of execution, then clearly if the claimant fails to redeliver the property when required to do so the measure of damage to the creditor for such default is the amount due on the execution. If, however, the execution debt is large and the value of the property small, it seems an undue hardship to require him to assume the burden of paying the entire debt in case he fails to redeliver property which is of relatively small value. It would seem that the ends of justice would be fully attained, every right protected and the purpose of the statute accomplished if the rule should be that the claimant who gives a forthcoming or redelivery bond, under such circumstances, for property less in value than the amount of the execution debt, should be held only responsible for its value, or for the value of such part thereof as he fails to redeliver. It is noted in this connection that section 3004, under which the claimant of the property is allowed to retain possession of it, provides that the penalty of the forthcoming bond shall be double the value of the prop-

erty, whereas a forthcoming bond, taken from the execution debtor, is usually double the value of the debt, principal, interest and costs; and it is further observed that when the revisors of 1849 completed the abolition of the writ of replevin as a remedy in Virginia, they included no such provision for a forthcoming bond to be executed by the claimant or any other person. This latter provision did not appear in the Code of 1849, but was first authorized by an act approved May 12, 1852. (Acts 1852, p. 78.) If the true construction of these statutes is not to be as is here intimated, then the obscurity caused by making the statutes which are applicable to forthcoming bonds executed by execution debtors, applicable to forthcoming bonds executed by mere claimants of property having no liability under the execution, should be removed by the legislature.

*Affirmed.*