# Richmond.

## F. D. CUMMER AND SON COMPANY v. R. M. HUDSON COMPANY.

### March 19, 1925.

Case submitted for decision before Judge Kelly qualified.

1. MORTGAGES AND DEEDS OF TRUST—*Validity of Sale under Deed of Trust— Amount Secured by Deed—Value of Property Unsold—Burden of Proof—Case at Bar.*—In the instant case the evidence showed that there was a deed of trust on the property in controversy apparently valid on its face and unquestioned by the parties thereto; that a sale, apparently regular, was made by the trustee under the deed of trust; and that at such sale one of the defendants in the instant case became the purchaser. Under these circumstances, it was unnecessary for the purchaser under the deed of trust to show anything further as to the amount secured by the deed, the value of the property unsold, or the validity of the deed. If these matters were called in question, the burden of proof was on the party who assailed the transaction and not on the purchaser.

2. MORTGAGES AND DEEDS OF TRUST—*Conflict of Laws—Foreign Mortgage—Attachment by Domestic Creditors—Case at Bar.*—The enforcement of a foreign mortgage is based upon comity, and if a valid mortgage is executed and recorded in one State on property situated in another, and such property is attached by the mortgagor's creditors in the latter State, the rights of the mortgagee and such creditor must be determined by the law of the State where the property is situated. But this proposition has no application to the instant case, where a deed of trust was executed and recorded in North Carolina, and part of the property subject to it was brought into Virginia and sold to defendant by the trustee under the deed of trust before the property was attached by the plaintiff, a creditor of the maker of the deed.

3. MORTGAGES AND DEEDS OF TRUST—*Foreign Mortgages—Section 5197 of the Code of 1919 Protects only Lien Creditors.*—Section 5197 of the Code of 1919 provides that no mortgage, deed of trust, or other encumbrance created upon personal property while such property is located in another State shall be a valid encumbrance upon said property

after it is removed into this State as to purchasers for valuable consideration without notice and creditors unless and until recorded in this State. The statute creates a comparison of encumbrances, and makes the foreign mortgage void as to local encumbrances until the foreign mortgage has been recorded. The persons protected by the statute are the purchasers of the property and creditors of the owner, but the creditors must be lien creditors.

4. MORTGAGES AND DEEDS OF TRUST—*Foreign Mortgages—Seciton 5197 of the Code of 1919 Protects only Lien Creditors—Case at Bar.*—In the instant case the lien of a foreign deed of trust had been enforced by a sale of the property before plaintiff acquired any lien by a levy of its attachment, and the contest, instead of being one between two lien creditors, became a contest between a purchaser indirectly from the maker of the deed of trust and a creditor who had no lien at the time of sale. If there had been no sale and the contest had been between the trustee and the beneficiaries under the deed of trust on the one hand, and the attaching creditors on the other, the latter would undoubtedly have prevailed under the provisions of section 5197 of the Code, but no such question was presented in the instant case.

5. MORTGAGES AND DEEDS OF TRUST—*Sale under Foreign Deed of Trust—Rights as between Purchaser and Creditor afterwards Attaching the Property in this State—Case at Bar.*—In the instant case one of the defendants executed in North Carolina a deed of trust upon personal property afterwards brought into this State and sold to the other defendant under the deed. After this sale plaintiff attached the property in this State for a debt due to him by the maker of the deed of trust. The deed executed in North Carolina was not a void deed, but was good between the parties, and could only be questioned by a purchaser for value without notice, or a lien creditor under section 5197 of the Code of 1919. Therefore, at the time of the sale under the deed of trust, plaintiff in attachment had no lien and had no right to assail the deed.

6. MORTGAGES AND DEEDS OF TRUST—*Attack on Sale Under the Deed of Trust by Attaching Creditor—Burden of Proof.*—Where a deed of trust was fair and valid on its face, and the sale thereunder apparently regular, and the possession of the property was not in the maker of the deed but in the purchaser at the time of the sale, the burden is on an attaching creditor who had no lien to show that it had rights superior to those acquired by the purchaser under the deed of trust.

7. EVIDENCE—*Documentary Evidence—Foreign Deed of Trust—Section 6207 of the Code of 1919.*—Section 6207 of the Code of 1919, providing that every deed or power of attorney executed out of this State, the acknowledgment or proof of which is certified so that it might be admitted to record under chapter 211 of the Code, shall be evidence in any court in this State, was not intended to exclude evidence admissible at common law, but to allow evidence to be received

which could not have been received at common law. The original of the deed could always have been proved at common law. The statute went further, however, and provided that if a deed was acknowledged in such manner as that it might be admitted to record, it should "be evidence in any court in this State," whether recorded or not. In other words, if offered in evidence, it was *ipso facto* evidence.

8. EVIDENCE—*Documentary Evidence—Foreign Deed of Trust—Common-Law Rule.*—A deed of trust not recorded in Virginia, nor acknowledged so that it could be recorded in Virginia, is receivable in evidence upon proper proof of the original under the common law rule, and two affidavits showing that the deed was properly executed is such proper proof, where the affidavits were not objected to as being secondary evidence.

9. HEARSAY EVIDENCE—*Proof of Execution of Foreign Deed—Failure to Object that Evidence was Hearsay—Case at Bar.*—In the instant case the introduction of a foreign deed of trust was assigned as error. The bill of exceptions embodying the point was very general in its language and the specific objection made in the assignment of error on appeal omitted any objection on the ground of hearsay. Apparently the objection on account of hearsay was not made either in the trial court or the appellate court, therefore the trial court had the right to consider, in determining whether or not the original deed of trust had been executed by the grantor, affidavits showing that the deed was properly executed.

10. EVIDENCE—*Documentary Evidence—Proof of Deed—Case at Bar.*—In the instant case the defendant, in answer to an attachment, distinctly relied upon a deed of trust executed in another State and the sale thereunder to him as the source of his title to the property. The deed of trust referred to was not filed with the answer, but was subsequently offered in evidence.

*Held:* That this is so far a compliance with the policy of section 6125 of the Code of 1919 as to render the deed of trust competent evidence for the defendant, without further proof, under section 6207 of the Code of 1919, especially in the absence of any affidavit from the plaintiff denying its due execution.

11. SALES—*When Title Passes—Purchaser Already in Possession—Case at Bar.*—In the instant case defendant in attachment proceedings relied, as the source of his title to the personal property in question, upon a sale to him of the property under a deed of trust. The purchaser was already in possession of the property at the time of the sale. The sale was regarded as completed by both the purchaser and the trustee, but the payment of the price for the property sold was temporarily deferred by agreement between the trustee and the purchaser. There was no fraud in the transaction.

*Held:* That title to the property passed to the purchaser at the time of the sale.

12. SALES—*When Title Passes—Identified Chattels.*—Where the sale is of specific identified chattels or articles appropriated by the seller to the fulfilment of the contract, the question as to when the title passes is primarily one of intention of the parties to be derived from the terms of the contract and the circumstances of the case.

Error to a judgment of the Corporation Court of the city of Danville, in a proceeding by attachment.   Judgment for defendant.   Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Withers & Brown,* for the plaintiff in error.

*Harris & Harvey,* for the defendants in error.

PER CURIAM:

F. D. Cummer & Son Company sued out an attachment for $1,000.00 against the R. M. Hudson Company, a foreign corporation, and named T. C. Larrimore as codefendant having in his hands property or estate belonging to the defendant.   The parties waived a jury and submitted all matters of law and fact to the judge of the trial court, who rendered the judgment complained of, dismissing the attachment except as to the sum of $2.48.

The facts are as follows:   On November 29, 1920, the R. M. Hudson Company, a Georgia corporation, conveyed to J. C. Busby, trustee, a quantity of personal property consisting of road building and street paving equipment to secure an indebtedness of $50,000.00, evidenced by bonds described in the deed.   This deed

was recorded in Rowan county, North Carolina, on December 6, 1920, and in Chester county, South Carolina, on February 7, 1921.   In April or May, 1921, Larrimore, as agent of the R. M. Hudson Company, brought a part of this property to Danville, Virginia. From April or May, 1921, until April, 1923, Larrimore used and operated said machinery as an employee of the Hudson Company.   Thereafter he leased the property to do certain work in Danville.

On July 10, 1923, Busby, trustee, after having advertised the property for seventeen consecutive days in a daily newspaper in the city of Danville, sold the property in controversy at public auction when T. C. Larrimore became the purchaser at $2,250.00.   Immediately after the sale it was discovered that an attachment in favor of the Machinery Finance Corporation had been issued against the Hudson Company, and some question arose as to whether it constituted a lien on the property in controversy and that question was referred to counsel for Larrimore.   Pending this investigation the trustee agreed that the check in payment for the property should be temporarily withheld and forwarded to him as soon as the question was settled. It was subsequently ascertained that the attachment was not a lien on the property and that the machinery in controversy was in no way involved, but before final settlement was made the present attachment was sued out.   Both the trustee and Larrimore regarded the sale as a complete transaction, and the trustee, knowing Larrimore and having confidence in him, executed and delivered to him a bill of sale of the property with the understanding that the check for the purchase price would be forwarded to him.   There is some conflict in the testimony as to whether the bill of sale was delivered to Larrimore or to Harris, his attorney, but Harris,

testifying for the defendant, says that Busby, trustee, "left the bill of sale with Mr. Larrimore, and he turned it over to me like he had done all of his papers. And Mr. Larrimore left all of the papers with me to try to get the attachment straightened out, but the bill of sale was not deposited in escrow with me or anything of that sort. There was never any question but that Mr. Larrimore would get the machinery, but the question was should he pay it to Mr. Busby or pay it to these attachments. That was all."

On July 18, 1923, after this sale to Larrimore had been completed in the manner above mentioned, the attachment in the present case was sued out and levied on the property as the property of the R. M. Hudson Company. This attachment was levied July 19th, nine days after the sale to Larrimore. Larrimore filed his answer in the attachment case claiming the property under the sale and denying its liability to the plaintiff's attachment. The trial court held that the Hudson Company had no interest in the property and consequently dismissed the attachment. To that judgment the present writ of error was awarded.

It is alleged that the judgment of the trial court is erroneous, "because the evidence failed to show that any amount whatever was due on the debt secured by the deed of trust; because the evidence failed to show that the remainder of the property conveyed in the deed was insufficient to satisfy the debt in full, and because the evidence failed to show that the deed of trust was valid where executed; that as to the property located in the State of Virginia the deed of trust was void and the attempted sale thereunder was void, and that in any event the evidence showed that the sale, if valid, had not been consummated."

[1] The evidence shows that there was a deed of trust on the property in controversy apparently valid on its face, unquestioned by the parties thereto, that a sale, apparently regular, was made by the trustee under the deed of trust, and that at such sale Larrimore became the purchaser. Under these circumstances, it was unnecessary for the purchaser under the deed of trust to show anything further as to the amount secured by the deed, the value of the property unsold or the validity of the deed. If these matters were called in question, the burden of proof was on the party who assailed the transaction and not on the purchaser.

[2] A number of cases are cited by counsel for the plaintiff in error to establish the proposition that the enforcement of a foreign mortgage in a domestic State is based upon comity, and that if a valid mortgage is executed and recorded in one State on property situated in another, and such property is attached by the mortgagor's creditors in the latter State, the rights of the mortgagee and such creditor must be determined by the law of the State where the property is situated. That proposition is well supported by authority, but has no application to the facts of the present case.

The plaintiff in error referred to the case of *Craig* v. *Williams*, 90 Va. 500, 18 S. E. 899, 44 Am. St. Rep. 934, where a foreign mortgage was given priority over a local lien, and to the act of assembly passed in pursuance thereof, which is now section 5197 of the Code.

[3, 4] If section 5197 of the Code had been in force when *Craig* v. *Williams* was decided, the decision would have been just the reverse of what it was. Section 5197 is as follows:

"No mortgage, deed of trust or other encumbrance created upon personal property while said property is located in another State shall be a valid encumbrance

upon said property, after it is removed into this State, as to purchasers for valuable consideration without notice and creditors, unless and until the mortgage, deed of trust or other encumbrance be recorded according to the laws of this State in the county or corporation in which the said property is located in this State."

It will be observed that the section says that the deed of trust shall not be a *valid encumbrance.* The statute creates a comparison of encumbrances, and makes the foreign mortgage void as to local encumbrances until the foreign mortgage has been recorded. The persons protected by the statute are the purchasers of the property and creditors of the owner, but the creditors must be lien creditors. In the instant case the lien of the deed of trust had been enforced by a sale of the property before F. D. Cummer & Son acquired any lien by a levy of its attachment, and the contest, instead of being one between two lien creditors, became a contest between a purchaser indirectly from the R. M. Hudson Company and a creditor who had no lien at the time of sale. If there had been no sale and the contest had been between the trustee and the beneficiaries under the deed of trust on the one hand, and the attaching creditors on the other, the latter would undoubtedly have prevailed under the provisions of section 5197 of the Code, but no such question is here presented.

In *McCandlish* v. *Keen,* 13 Gratt. (54 Va.) 615, a deed of trust had been executed, acknowledged and certified, but not recorded until after the death of the grantor. There were no judgment or other lien creditors at the time of his death. The court said that such a deed, though not recorded, is good and valid between the parties, and that a mere general creditor stands in the shoes of his debtor and cannot set the deed aside. The same view was taken in *Dulaney* v. *Willis,* 95 Va. 606, 29 S. E. 324, 64 Am. St. Rep. 815.

[5] The deed executed in North Carolina was not a void deed; it was good between the parties, and it remained valid and could only be questioned by a purchaser for value without notice, or by a lien creditor. At the time of the sale to Larrimore, the plaintiff in error had no lien and no right to assail the deed.

In *Seward & Co.* v. *Miller,* 106 Va. 309, 55 S. E. 681, it was said to be "a well settled principle of law that an attaching creditor can acquire through his attachment no higher or greater rights to the property or assets attached than the defendant had when the attachment was levied, unless he can show fraud or collusion by which his rights are impaired." At the time the attachment was sued out, the attachment debtor owned no interest in the property attached.

[6] *Fields-Watkins Co.* v. *Hensley,* 117 Va. 661, 86 S. E. 113, is relied on for the plaintiff in error as supporting its views, but that case involved an unrecorded bill of sale while the possession of the property remained in the debtor. No such facts exist in this case. The attaching creditor had no lien and the possession was not in the vendor but in the purchaser at the time of the sale. If the sale to Larrimore was a valid sale his rights were superior to those of the plaintiff in error which had no lien but was simply seeking to obtain one.

The deed of trust being fair and valid on its face, and the sale thereunder apparently regular, the burden was on the plaintiff in error to show that it had rights superior to those acquired by the purchaser under the deed of trust.

[7-9] It was assigned as error that the trial court allowed to be introduced in evidence the deed of trust under which the sale in controversy was made. The bill of exception raising this point is very general in its

language, and states that the plaintiff objected to the introduction of the deed of trust and copy of the notice of sale on the ground that the same "are not competent evidence to be considered in this case." Why not competent is not stated in the bill of exception, but the error assigned in the petition, and which we may assume was the same that was assigned in the trial court, is as follows:

"The original deed was offered in evidence, and under the express terms of the statute, not having been recorded in Virginia, it was invalid or void, and was thus insufficient to pass title or to authorize any act or sale thereunder. The deed should not have been admitted in evidence, because it was not certified so that it might have been admitted to record under chapter 211 of the Code, and thus, under the express terms of section 6207 it was inadmissible; that section providing that every deed or power of attorney executed out of this State, the acknowledgment or proof of which is certified so that it might be admitted to record under chapter 211, should be evidence in any court in this State. This statute applies to the original deeds and not to copies, and it seems clear that unless the deed is certified as therein prescribed, it should not be admitted or considered in evidence. The whole theory of the defense is based upon the claimed transfer of title under and by virtue of this deed, and hence, as the deed should not have been admitted in evidence, there is no basis for defendant's claim that title to the property was transferred thereunder."

This is an entire misconception of the statute cited.[*] The statute was not intended to exclude evidence ad-

---

[*]*Section 6207. Foreign Deeds, Powers of Attorney, Policies of Insurance, etc.—* Every deed or power of attorney executed out of this State, the acknowledgment or proof of which is certified so that it might be admitted to record under chapter two hundred and eleven, and every policy of insurance, charter party, copy from a record in any foreign court, or from a register of births and

missible at common law but to allow evidence to be received which could not have been received at common law. The original of the deed could always have been proved at common law. The statute went further, however, and provided that if a deed was acknowledged in such manner as that it might be admitted to record, it should "be evidence in any court in this State," whether recorded or not. In other words, if offered in evidence, it was *ipso facto* evidence. But this deed was not recorded in Virginia, nor acknowledged so that it could be recorded in Virginia, and yet upon proper proof of the original it was receivable in evidence in this State under the common law rule. The only question is whether the original was proved. It was introduced in evidence and there appears thereon two affidavits, one showing that it was signed by the president of the Hudson Company in the presence of two witnesses, one of whom attested it. The other was that of the secretary of the company who testified that he affixed the seal of the company to the deed, and saw the president sign it. Under these circumstances, the trial court had no doubt that the original had been duly executed by the president of the company. The only objection that could be urged to this evidence is that it was secondary evidence, but unless objected to on that ground there is no reason why the trial court should not have considered it along with the other evidence in the case. *Newberry* v. *Watts*, 116 Va. 730, 82 S. E. 703; *Gutshall* v. *Hamilton*, 134 Va. 416, 114 S. E. 595.

marriages in any place out of the United States, if it be attested by a notary, under his seal of office, that such policy, charter party, record, or register was made, entered, or kept in due form according to the law of the place in which it was made, entered or kept, and that such copy is true, and the official character of such notary be certified to by any court of record, or the mayor or other chief magistrate of any county, city, town, or borough, or under the great seal of the State, kingdom, province, island, or colony, in which such notary may reside, shall be evidence in any court in this State.

In view of the general language of the bill of exception and the specific objection made in the assignment of error here, omitting any objection on the ground of hearsay, it would seem that the objection on account of hearsay was not made either in the trial court or in this court, and that the trial court had the right to consider it in determining whether or not the original deed of trust had been executed by the grantor therein.

[10] But in addition to this, in the answer filed by Larrimore to the attachment, he distinctly relies upon the deed of trust and the sale thereunder as the source of his title to the property. He says: The "said property was advertised for sale at public auction by one John C. Busby, trustee, under a certain mortgage given by the Hudson Company, which mortgage covered all of the tangible personal property which the said Larrimore had in his possession in the city of Danville belonging to the Hudson Company; pursuant to said advertisement the said property was sold at public auction on the 10th day of July, 1923; that previous to notice of this attachment and before same had been levied, the said Larrimore, codefendant, purchased this property at public auction for the sum of $2,250.00 and same was turned over to him by said trustee as his property and since said 10th day of July, 1923, he has held same as his own property, and the said R. M. Hudson Company has had no interest, title, claim or demand of any kind against same; that said property levied on under said attachment was fully covered by said deed of trust and is the same property purchased by this defendant from said trustee at public auction;   *   *."

The deed of trust referred to was not filed with the answer, but was subsequently offered in evidence and is so far a compliance with the policy of section 6125 of the Code as to render it competent evidence for the

defendant, without further proof, under section 6207, especially in the absence of any affidavit from the plaintiff denying its due execution. Compare *Keister* v. *Phillips*, 124 Va. 585, 588, 98 S. E. 674.

[11, 12] It is further assigned as error that the sale under the deed of trust was never consummated. This is based upon the ground that the purchase money had not been paid at the time the attachment was levied. The uncontradicted evidence shows that the trustee regarded the sale as completed and that Larrimore also so regarded it and that the machinery was his property. Something is said in the argument about possession not having been delivered, but the purchaser was already in possession of the property at the time of sale as lessee of the grantor, and there could have been no other manual delivery of possession. In such case no formal delivery is necessary. 34 Am. & Eng. Ency. L. 1068; *Nichols* v. *Patten*, 18 No. 231, 36 Am. Dec. 715.

In 24 R. C. L. 15, it is said: "Where the sale is of specific identified chattels or articles appropriated by the seller to the fulfilment of the contract, the question as to when the title passes is primarily one of intention of the parties, to be derived from the terms of the contract and the circumstances of the case."

In 24 Am. & Eng. Ency. of Law, 1047, it is said: "In determining whether title has or has not passed by the contract, the primary consideration is one of intention. The agreement is what the parties intended to make it. If the intention is manifested clearly and unequivocally, it controls."

In the instant case it is distinctly stated by one of the witnesses for the defendant that the sale was regarded as completed by Busby, the trustee, and by Larrimore, the purchaser.

The fact that the payment of the price for the prop-

erty sold was temporarily deferred did not affect the sale where it was by agreement between the trustee and the purchaser.

Counsel for the plaintiff in error admit that the passing of title to personal property is to be determined by the intention of the parties. In their brief they say: "We recognize the doctrine in the law of sales that the time title passes is to be determined solely from the intention of the parties, if such intention can be readily ascertained. Our contention is that title in this case never passed because of the lack of proof of the validity of the deed in North Carolina, of the fact that it is invalid in Virginia and no valid sale could be had thereunder."

We are of opinion that the sale in controversy was consummated between the trustee and the purchaser; that there was no fraud in the transaction, and it cannot be called in question by the attaching creditor.

Upon the whole case we are of opinion to affirm the judgment of the trial court.

*Affirmed.*