# Richmond

W. H. Boswell, Sheriff, Etc. v. W. T. Lipscomb, Et Al.

April 21, 1941.

Record No. 2347.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and
Spratley, JJ.

*W. A. Willeroy,* for the appellants.

No appearance for the appellees.

EGGLESTON, J., delivered the opinion of the court.

This appeal is a sequel to *Boswell* v. *Lipscomb,* 172 Va. 33, 200 S. E. 756. That appeal involved, among other matters, the question as to whether certain personal property was subject to the levy of a distress warrant made thereon by W. H. Boswell, sheriff of New Kent county, on January 20, 1937. While at the time of the levy the property was in the possession of W. T. Lipscomb, the defendant in the distress warrant, certain of the articles were claimed by E. V. Lipscomb. Since E. V. Lipscomb failed to give the suspending bond and failed to institute proceedings to settle his title to the property, in the manner and within the time prescribed by Code, §6156, we held that the articles levied on were, under the terms of the statute, conclusively presumed to be the property of W. T. Lipscomb, the party in possession (172 Va., at page 39, 200 S. E., at page 758).

We, therefore, affirmed so much of the decree of the lower court as held that the property was liable to the levy, reversed that part of the decree which had enjoined the sale of the property under the levy for reasons with which we are not here concerned, and remanded the cause

for further proceedings (172 Va., at page 42, 200 S. E., at page 759).

The lower your entered a decree carrying out the mandate of this court in which it directed the sheriff to take possession of and sell the property levied on under the distress warrant, and to report to the court his actions under the decree.

Pursuant to this decree, the sheriff filed a report which showed that he had found in the possession of W. T. Lipscomb and had sold a few of the articles upon which the levy had been made, but that certain of the articles previously levied on were either in the possession of E. V. Lipscomb, who lived in Buckingham county, Virginia, or had been disposed of by him. Thereupon a decree was entered citing E. V. Lipscomb to appear on a specified date and show cause "why he should not be dealt with according to law for taking and carrying away the aforesaid property."

In answer to this citation, E. V. Lipscomb appeared in court and admitted, as reported by the sheriff, that he had taken possession of a number of the articles levied on, namely, three horses, two hogs, and eleven shoats. The value of these he admitted was approximately $370. He further admitted that of the articles coming into his possession he had sold one horse, two hogs, and five shoats.

At the hearing E. V. Lipscomb filed a writing in which he claimed that he was a householder engaged in the business of agriculture, and that the two horses still in his possession were exempt from the levy under Code, §6553, as amended by Acts 1932, ch. 150, p. 324.

At the conclusion of the hearing the lower court entered the decree from which the present appeal is taken. The decree first directed that, "the said E. V. Lipscomb do forthwith return and deliver to the said sheriff the said two horses," or forthwith pay their alternate value to the attorney for the creditors. It then decreed that two horses were exempt from the levy under the claim

filed by E. V. Lipscomb, but that since he had previously sold one horse, he was entitled to have exempt from the levy only one of the remaining horses in his possession. The decree released the lien of the levy on the horse which E. V. Lipscomb elected to claim under this ruling. No provision was made in the decree requiring E. V. Lipscomb to return to the sheriff the remaining property which he had taken from the judgment debtor and still had in his possession, or holding him liable for the value of what he had disposed of.

Code, §§6552 (as amended by Acts 1934, ch. 252, p. 371; Acts 1936, ch. 187, p. 322) and 6553 (as amended by Acts 1932, ch. 150, p. 324), provide for the exemption from levy or distress by a householder of certain articles under what is commonly known as the "poor debtor's exemption." (Burks' Pleading and Practice, 3d Ed., §438, p. 813.)

Section 6553, as amended, provides that: "If the householder be at the time actually engaged in the business of agriculture, there shall also be exempt from such levy or distress, while he is so engaged, to be selected by him or his agent, the following articles, or so many thereof as he may have, to-wit: one yoke of oxen, or a pair of horses or mules in lieu thereof * * * ."

It will be observed that the statute gives the householder the right to have exempt from levy or distress certain designated articles "as he may have."

Whether the words "as we may have" refer only to such articles as the householder may own or those in which he may have an interest, either legal or equitable, or are intended to include also those lawfully in his possession, it is not necessary to decide here. (See 25 C. J., §144, p. 86.)

Neither will we stop to consider whether the right to claim the exemption may be exercised by one other than the debtor in the execution or distress warrant, who in this case is W. T. Lipscomb.

It is manifest, we think, that the statute was not

intended to apply to the present situation. It has been adjudicated in this proceeding, to which E. V. Lipscomb was a party, that the property belonged to W. T. Lipscomb, the judgment debtor, and was subject to the levy. That became the law of the case. E. V. Lipscomb's possession of this property, contrary to such adjudication, was unlawful and unwarranted. *Kiser* v. *Hensley,* 123 Va. 536, 540, 96 S. E. 777. One who does not own the property levied on and is in unlawful possession of it has no concern with its disposition and no rights therein to be protected. He occupies the position of a mere interloper or meddler. Certainly, in a proceeding to subject the property to a debt of its lawful owner, the statute does not contemplate that such an intruder may have the property set aside for the use of himself and his family.

The decree should have denied the claim that the horses were exempt from the levy. It should have required that E. V. Lipscomb deliver to the sheriff these horses and all other property subject to the levy which Lipscomb had taken from the judgment debtor and still had in his possession, and should have held him liable for the value of all of such property as he had sold or disposed of.

The decree appealed from will be reversed and the cause will be remanded for further proceedings in conformity with this opinion. The plaintiffs in error will recover the costs of this appeal from E. V. Lipscomb.

*Reversed and remanded.*