## KENDRICK v. WATKINS.

### No. 4790.

Circuit Court of Appeals, Fourth Circuit.

June 18, 1941.

Thomas L. Woodward, of Suffolk, Va., for appellant.

E. Roland Custis, of Suffolk, Va., for appellee.

Before SOPER, DOBIE, and NORTHCOTT, Circuit Judges.

PER CURIAM.

This is an appeal by Mary Causey Kendrick (hereinafter called appellant) from a judgment of the District Court of the United States for the Eastern District of Virginia, which was rendered in favor of M. Erskine Watkins, Trustee in Bankruptcy of Marion K. Kendrick, Bankrupt (hereinafter called appellee).

Marion K. Kendrick, the husband of appellant, was adjudicated a bankrupt on October 26, 1936. At the time of the adjudication, the bankrupt and appellant were living together as husband and wife in a home owned by appellant but maintained by the funds of the bankrupt. Certain personal property, consisting of household and kitchen furniture and other personal effects, was located in this house at the time of the adjudication of bankruptcy. This personal property had been purchased entirely with

bankrupt's funds at different times, all prior to the bankruptcy. The bankrupt testified that he, or he and his wife together, selected the furniture and effects in question; that he purchased it with his own funds; and that he gave it to his wife. No deed or other writing was ever executed to show a transfer of title from the bankrupt to appellant.

Upon examination before the Referee, the bankrupt admitted that, for a number of years, the personal property in question had been listed in his individual name on the taxation returns of personal property which had been filed with the Commissioner of Revenue of the City of Suffolk, Virginia. He further testified that for several years prior to his bankruptcy these returns listed the particular personal property as belonging to appellant. At the time of the change in the listing of the personal property, debts of the bankrupt aggregated $44,048.90, appellant having endorsed bankrupt's notes to the amount of $10,000. There is no evidence that the bankrupt was insolvent at the time when the personal property in question was purchased; for, according to the proofs of claims filed with the Referee, there was only one outstanding debt at that time amounting to $19,500, and the bankrupt was then a man of considerable wealth.

In the hearing before the Referee, the Trustee in Bankruptcy contended that the bankrupt was the owner, and had possession, of the personal property in question at the date of the adjudication of bankruptcy; and that, accordingly, the property should be turned over by the bankrupt and appellant to the Trustee. A show cause order was entered and, after a proper hearing, the Referee directed the bankrupt and appellant to surrender and turn over to the Trustee the property in question. In its judgment dismissing appellant's certificate of review, the District Court held that the attempted gifts of the property in question, under the applicable Virginia statute (section 5142 of the Code of Virginia), were never completed; that, at the time of the adjudication, the property in question was owned by, and was in the possession and control of, the bankrupt; and that summary proceedings were proper.

Section 5142 of the Code of Virginia provides: "No gift of any goods or chattels shall be valid, unless by deed or will, or unless actual possession shall have come to and remained with the donee, or some per-

son claiming under him. If the donor and donee reside together at the time of the gift, possession at the place of their residence shall not be a sufficient possession within the meaning of this section. This section shall not apply to the wife's paraphernalia."

We believe that section 5142, supra, is here applicable and that bankrupt's attempted gift to his wife, the appellant, was therefore ineffective. There is no claim that the personal property in question, consisting principally of household furniture, constituted "wife's paraphernalia". We believe that section 5142 applies to a husband and wife residing together regardless of whether there were any creditors of the donor at the time the alleged gifts were made.

Inasmuch as we have concluded that possession was at all times had by the bankrupt, it follows that there was summary jurisdiction to pass upon the instant case. The Referee certainly had summary jurisdiction over property in the constructive possession of the bankruptcy court and a plenary action was, thus, not necessary. Cf. Warder v. Brady, 4 Cir., 1940, 115 F.2d 89.

For the foregoing reasons, the judgment of the District Court is affirmed.

Affirmed.