**In re Charles Howard WILKINSON, III and Sandra Waltman Wilkinson, Debtors.**

**Bankruptcy No. 689–00907.**

United States Bankruptcy Court, W.D. Virginia, Danville Division.

May 30, 1989.

Lewis E. Goodman, Jr., Danville, Va., trustee.

Joseph Marshall Garrett, Danville, Va., for debtors.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

This case is before the court on the trustee's objection to exemptions claimed by Mrs. Wilkinson, one of the debtors. The factual background and the legal issue are fairly simple to describe. The debtors claimed several items of property as exempt. At the hearing on the trustee's objection, the trustee established through Mr. Wilkinson that he had owned all of the exempted property before marrying Mrs. Wilkinson. On further examination by his own counsel, however, Mr. Wilkinson testi-fied that he and his wife treated all of that property as savings, like "money in the bank." Trial Transcript at 13. He indicated, for instance, that if they needed money, they had and would sell such property, even if he had owned it before the marriage, and use the cash obtained for their marital needs. *Id.*

Virginia Code section 34–4 requires that each householder have an interest in the property claimed as exempt. Va.Code Ann. § 34–4. *See Boswell v. Lipscomb*, 177 Va. 309, 314, 14 S.E.2d 305, 307 (1941). The court believes that the debtors considered all of this property to have been jointly owned marital property during their marriage. The question therefore becomes whether some physical act was necessary to manifest this intent, such as transferring stock ownership from his name to both their names, for one example.

The parties have cited no cases precisely on point. The case cited by the trustee, *In re Heath*, 101 B.R. 469 (Bankr.W.D.Va. 1987), a memorandum opinion entered by this court, is not applicable in this case. That opinion required that joint debtors specify whether the property in which each is claiming an interest is individually owned or jointly owned. The homestead deed in that case "merely list[ed] and value[d] various items of property. It [did] not specify whether each debtor [was] exempting an interest in jointly owned property. Nor [did] the deed indicate whether any of the property [was] individually owned and being exempted by only one of the debtors." *In re Heath*, slip op. at 3. The court is of the opinion, however, that the homestead deed filed in this case indicates with sufficient clarity that the debtors were exempting their respective one-half interests in jointly owned property.

The debtors urge the court to consider Virginia Code Section 20–107.3, and cases which have interpreted it, and to apply that code section and case law to this question. They argue that under the principles of equitable distribution instituted for marital property in divorce proceedings under section 20–107.3, even if some of this property

were separate property during the marriage, all of it became marital property as soon as the debtors filed their homestead deed, which was a statement to the world that the property was marital property. They argue that since Mrs. Wilkinson could obtain an equitable distribution award under section 20–107.3 with respect to this property, her interest was appropriate for an exemption under section 34–4.

While the court does not agree completely with the debtors' "boot-strapping" logic that filing the homestead deed gave Mrs. Wilkinson an interest in this property sufficient to allow her to claim exemptions in it, the court is persuaded by the trial testimony that the debtors treated all their property as marital property after they were married. Thus any separate property might have been transmuted to marital property. The Supreme Court of Virginia adopted this principle in *Smoot v. Smoot*, 233 Va. 435, 442, 357 S.E.2d 728, 731 (1987). *See Westbrook v. Westbrook*, 5 Va.App. 446, 453, 364 S.E.2d 523, 528 (1988) ("This transmutation may be effected by an agreement between the parties or by the affirmative act or acts of the parties."). An express agreement is necessary to transmute marital property into separate property, but the same is apparently not true of the reverse. *See Wagner v. Wagner*, 4 Va.App. 397, 404, 358 S.E.2d 407, 410 (1987) ("Although separate property, by the manner in which it is maintained, may be commuted into marital property, marital property, in the absence of a valid, express agreement by the parties, cannot become the separate property of one of the parties."). Thus, under section 20–107.3, all the debtors' property however titled, potentially became marital property.

That would not end the matter however. The decisions construing section 20–107.3 also distinguish between whether property is marital property and whether property is jointly or individually owned. This code section "require[s] the trial court to recognize the division that exists in the marital property based upon its title and to determine as between the parties their respective rights and interests in the marital property no matter how titled." *Brinkley*

*v. Brinkley*, 5 Va.App. 132, 136, 361 S.E.2d 139, 140 (1987). Thus, property actually owned by only one party nonetheless might be marital property for purposes of equitable distribution under this code section. *See Westbrook*, 5 Va.App. 446, 364 S.E.2d 523 (Real property of one spouse did not become jointly owned pursuant to written agreement of spouses because agreement was not a deed or a will, but effect of agreement was to transmute real property into marital property for purposes of divorce). That is a peculiarity of divorce proceedings which makes sense in that setting because the goal is to make an award to a spouse based on the property both spouses have made available to the marriage. *Brinkley*, 5 Va.App. at 138, 361 S.E.2d at 141.

The debtors urge the court to extend this principle to the law of exemptions, claiming that it would be sadly anomalous if a wife could obtain an interest in such property through equitable distribution and thereby claim an exemption in it if she and her husband divorced, but could not claim an exemption in it if they remained married. It is not clear however that the wife could obtain a true property interest in her husband's property through divorce. In fact, the opposite appears to be true. Section 20–107.3 states in part:

B. For the purposes of this section only, both parties shall be deemed to have rights and interests in the marital property; however, such interests and rights shall not attach to the legal title of such property and are only to be used as a consideration in determining a monetary award, if any, as provided in this section.

C. The court shall have no authority to order the division or transfer of separate property or marital property which is not jointly owned. The court may, based upon the factors listed in subsection E, order the division or transfer, or both, of jointly owned marital property, or any part thereof.

.        .        .        .        .

D. In addition, based upon (i) the equities and the rights and interests of each party in the marital property, and (ii) the factors listed in subsection E, the court has the power to grant a monetary award ... to either party.

Va.Code Ann. § 20–107.3 (1988 Supp.). Subsection B states explicitly that spouses are deemed to have rights and interests in their marital property only for the purposes of this section, and moreover that those rights and interests do not attach to the legal title of the property. *Id.; Clayberg v. Clayberg,* 4 Va.App. 218, 223, 355 S.E.2d 902, 904–05 (1987).

Consequently section 20–107.3 does not apply to a determination of whether a debtor may claim an exemption under section 34–4 in property owned by her spouse prior to marriage. Moreover, even if Mrs. Wilkinson could obtain a property interest in marital property owned by her husband if they divorced (which does not appear possible since under subsection C the state court may divide or transfer only jointly owned property), the exemption laws apply not to "property which would or might be exempt if some condition not performed were performed, but to property to which there is under the state law a present right of exemption." *In re Lamm,* 47 B.R. 364, 366 n. 1 (E.D.Va.1984). To obtain these exemptions, Mrs. Wilkinson needed to have current ownership.

The fact that Mr. Wilkinson allowed Mrs. Wilkinson the use of his assets is not evidence of ownership by her. There is no evidence in the record of a sale or a gift from him to her of one half of each of these assets. Any potential inference of a gift of such an interest to his wife, which might be found in his testimony that he considered one of his two jet skis to be hers, Trial Transcript at 14, is negated by Virginia Code section 55–3. *See Kendrick v. Watkins,* 121 F.2d 287 (4th Cir.1941). Because she has no ownership in these assets, they are not subject to attack by her creditors, and consequently she may not claim an exemption in them. *See Boswell,* 177 Va. at 314, 14 S.E.2d at 307.

Accordingly the court will enter an order sustaining the trustee's objection.

Copies of the foregoing Memorandum Opinion are directed to be mailed to: Lewis E. Goodman, Jr., Esq., Trustee; Joseph Marshall Garrett, Esq., Counsel for Debtors; and Charles H. Wilkinson, III and Sandra Waltman Wilkinson, Debtors.