# Richmond

## JAMES HARGROVE AND R. H. BLAND v. NELLIE E. HARRIS AND RANDOLPH HARRIS.

January 14, 1937.

Present, All the Justices.

The opinion states the case.

*J. D. Mitchell*, for the plaintiffs in error.

*George E. Haw*, for the defendants in error.

GREGORY, J., delivered the opinion of the court.

Hargrove and Bland proceeded in the trial court by petition under Code, section 5490, against Nellie E. Harris, formerly Nellie Edwards, to have the court establish the true boundary lines between their lands and the lands of Mrs. Harris. Mrs. Harris filed her answer in which she averred that the lines alleged in the petition and shown on the plat filed therewith were not the true boundary lines between their respective lands. A tract of 45 acres is in controversy. Upon the issue thus joined, the jury, by their verdict, established the lines contended for by Hargrove and Bland, but the trial court, upon motion of Mrs. Harris, set the verdict aside and established as the true boundary lines those claimed by Mrs. Harris.

It is quite difficult to state the facts in a manner that would make them understandable without the use of and reference to a diagram or drawing of the lands, but inasmuch as no accurate plat appears in the record and as no accurate description of the lands can be obtained from the deeds, it will not be feasible to attempt to make and insert a plat of the lands. The deeds under which the parties claim refer to the lands in general terms. They do not afford descriptions by metes and bounds.

Hargrove and Bland allege in their petition that they are

the fee simple owners of a tract of land containing 164 acres, more or less, "and is the same tract of land conveyed by deed dated December 6, 1887, from H. I. Lewis, Special Commissioner, to Albert Edwards recorded in the Clerk's Office * * * and afterwards conveyed by deed from Albert Edwards to Nellie E. Edwards and then conveyed to Albert Edwards by Nellie E. Edwards by deed dated April 25, 1923, and recorded in the said Clerk's Office * * * . Said land was conveyed to your petitioners from the said Albert Edwards by deed dated July 11, 1929 * * * ."

It must be borne in mind that Nellie E. Edwards was the wife of Albert Edwards who was a physician and she later divorced him and married Randolph Harris. She is now referred to as Mrs. Nellie E. Harris.

The petitioners set forth in their petition a description of their land partially by metes and bounds but just where the southerly boundary line is located is not made clear. That line is not described by metes and bounds but is described as running down a "swamp a distance of 4,550 feet more or less, to the intersection of this swamp with Harrison's Creek, thence up Harrison Creek 1,400 ft. more or less to a cedar stob * * * ." A plat is filed with the petition and reference is made to it but it shows its own inaccuracy when inspected in the light of the evidence. The boundary lines of the entire tract of 164 acres, more or less, are stated in the petition and they embrace on the southerly side the tract of land claimed by Mrs. Harris which contains 45 acres, more or less. In fact it is alleged in the petition that the "said Nellie Eva Harris and Randolph Harris claim to own a certain tract of land contained within the above described boundary lines, and bounded as follows: Bounded on the east, south and west by the properties of B. C. Garrett's Estate, known as Dillard's and Nelson's, and on the north by a wire fence, containing 45 acres, more or less."

Mrs. Harris answered the petition and filed a plea of estoppel. The plea need not be further noticed. It is averred in the answer that the lines claimed by Hargrove and Bland are not the true lines; that the true boundary line between the

lands of the respective owners is shown on a plat filed with the answer and is as follows: "commencing at a corner with the lands of Garrett and Bland and Hargrove, at a stump on the side of a ravine and running 3,124 feet in a straight line to a sycamore on the swamp." If this is the true line between the lands of the respective owners, and the court below so held, then Mrs. Harris owns approximately 45 acres south of the lands of Hargrove and Bland. If this tract was shown by the evidence to be embraced within the lines of the Hargrove and Bland land as alleged in the petition, then the verdict of the jury was proper and should have been sustained. On the other hand, if the evidence failed to show that the 45 acres were within the lines of the Hargrove and Bland land, then the court was right in setting aside the verdict of the jury and establishing a line between the parties that preserved the 45 acres to Mrs. Harris.

In attempting to arrive at an intelligent understanding of the respective contentions, we will trace the title to the lands from a common source. We find that in 1887 Dr. Albert Edwards was the fee simple owner of 376 acres. This included not only the lands now owned by Mrs. Harris but also the tract owned by Hargrove and Bland. The said 376 acres was acquired by Dr. Albert Edwards in the following manner: In 1883, B. T. Lipscomb conveyed to him 212 acres. This included 67 acres lying on the road leading from King William Court House to Lanesville and adjoining the lands of Warren Lipscomb. It also included 145 acres lying upon the same road adjoining the lands of Lewis, Luckhard, Warren Lipscomb and others, "said tract lying partly on South and partly on North side of the Estate of Warren Lipscomb." A short time after this conveyance Lipscomb conveyed to Dr. Edwards a right of way from the 45 acre tract through the Lipscomb tract to the county road, but this deed was not recorded until after the present controversy arose and for that reason it is claimed that it should not have been admitted in evidence. However, it discloses by recital the existence of the 45 acre tract lying south of the Lipscomb tract.

By deed in 1887, from Lewis, special commissioner, to Dr.

Albert Edwards, the Warren Lipscomb tract, thought to contain 164 acres, was conveyed. The descriptions in these deeds are general and indefinite, but it will be noted that the Warren Lipscomb tract lay between tracts of land already owned by Dr. Edwards because the deed of 1883 recited the fact that the land therein conveyed lay partly on the south and partly on the north of the Warren Lipscomb tract. According to the named acreage in the deeds it would appear that in the deed of 1883, 67 acres lay to the north of the Warren Lipscomb tract. This is conceded. If a portion of the 145 acres lay to the north of that tract and there were 167 acres to the north of it, then there would remain 45 acres to the south of said Lipscomb tract.

With the title to all of the tracts vested in Dr. Albert Edwards, he, in 1900 conveyed them by a general description to his wife, Nellie Edwards. She thus acquired the title to all of the lands.

In 1923, Mrs. Edwards reconveyed the Warren Lipscomb tract, thought to contain 164 acres, back to Dr. Albert Edwards, from whom she had been divorced. The description in this deed is in general terms. A short time after this conveyance Dr. Edwards and Mrs. Edwards (who is now Mrs. Harris) built a fence at their joint expense between the Warren Lipscomb tract which then belonged to Dr. Edwards and the tract which lay to the south of said Lipscomb tract which belonged to Mrs. Edwards and is said to contain 45 acres. This was the line established by the court.

In 1929, Dr. Albert Edwards conveyed the Warren Lipscomb tract containing 164 acres to Hargrove and Bland. The description in this deed is also in general terms.

There are other deeds in the evidence but we do not think it necessary to advert to them. They contain indefinite descriptions of the lands conveyed and are prior to the time when the entire tract was vested in a common grantor, namely, Dr. Albert Edwards.

The testimony discloses clearly that Hargrove and Bland have at no time been in possession of the 45 acres. At one time they cut timber over on this tract and at another they

cut some ties there, but when Mrs. Harris learned of this she immediately protested and they discontinued the cutting. However, soon thereafter they had a survey of their tract and found that the Warren Lipscomb tract which they had bought and which was thought to contain 164 acres, contained only 112 acres, more or less.

Mrs. Harris sued them for damages for cutting the timber on her 45 acres and they then instituted the present proceeding to determine the boundary line.

Warren Lipscomb and Dr. Albert Edwards, who were predecessors in title, unmistakably recognized the division line between the Lipscomb tract and the 45 acre tract; Lipscomb, by the recital in the deed to the right of way from the 45 acre tract over his (Lipscomb) lands to the county road; and Dr. Edwards, by joining with his former wife in the erection of a fence along the line.

A notable fact is that the deed to Hargrove and Bland does not include the 45 acres. Another outstanding fact is that they never claimed the 45 acres until this proceeding was brought. The plat made for them by a surveyor was made for the purposes of this proceeding. It is not based on any monuments or marks designated in any of the deeds. The surveyor admitted the inaccuracy of the plat when he testified that the location of the lines shown thereon was based only upon his opinion and not upon any recital in any deed.

In *Griggs* v. *Brown,* 126 Va. 556, 102 S. E. 212, a boundary line case, it was held that the testimony of the surveyor, giving his opinion that the land in controversy was included within a certain boundary, was not admissible evidence.

In *Gutshall* v. *Hamilton,* 134 Va. 416, 114 S. E. 595, we again held that the testimony of the surveyor in a boundary line case giving his opinion about the lines was of no probative value. See also, *Sutherland* v. *Gent,* 116 Va. 783, 82 S. E. 713.

Another principle of law which is applicable and controlling here is that when the plaintiff, in a proceeding of the kind here, has never been in possession of the land in controversy, the burden is upon him to show a complete legal title

to the land in order to recover. *Bradshaw* v. *Booth*, 129 Va. 19, 105 S. E. 555.

Tested by these principles, we are of opinion that the petitioners, Hargrove and Bland, have failed in their evidence to show that their boundary lines embrace the 45 acre tract which is claimed by Mrs. Harris.

The second assignment of error is that the court erred in permitting Mrs. Nellie E. Harris to introduce in evidence the deed from Warren Lipscomb and Martha Lipscomb to Albert Edwards, dated August 6, 1883, which instrument granted and sold unto Albert Edwards, his heirs and assigns "a right of way of ingress and egress at all times over and across the lands of the said Warren Lipscomb on the line between H. Dillard and said Warren Lipscomb from the said 45 acres of land to the said main road * *. * ." It must be remembered that Albert Edwards was the common grantor from whom Hargrove and Bland derived their title and through whom Nellie E. Harris is claiming her two tracts of land, containing 167 and 45 acres each. The purpose of introducing the right of way deed in the evidence was not to establish any right or title in Mrs. Harris to the 45 acres in dispute, for the burden of showing complete legal title to this tract rested wholly upon Hargrove and Bland, but the purpose was to show that the predecessor in title to Dr. Albert Edwards recognized that he was possessed of a 45 acre tract of land lying to the south of the Warren Lipscomb tract, which is now owned by Hargrove and Bland. For the foregoing reasons we are of opinion that the right of way deed was admissible.

There is no error in the judgment complained of and it is accordingly affirmed.

*Affirmed.*