COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and Kelsey
Argued at Richmond, Virginia


WILLARD LEE TALLEY, SR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1517-09-2                      JUDGE ROBERT P. FRANK
                                                    NOVEMBER 9, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
David H. Beck, Judge

Brenda Mallinak, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Joshua M. Didlake, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Willard Lee Talley, Sr., appellant, was convicted, in a bench trial, of petit larceny, third

offense, a felony in violation of Code § 18.2-103.  On appeal, he contends the evidence was not

sufficient to convict him.  Essentially, he argues there was no evidence that the item concealed

belonged to another.  For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

On November 18, 2008, Deputy Adam Assur of the Spotsylvania Sheriff's Department

responded to a 911 call from a Ms. Cash, an employee of Famous Footwear.  Upon arriving, the

deputy saw appellant standing between two rows of shoes.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

As Ms. Cash explained to the deputy why she called 911,[1] appellant "immediately" stated, "I didn't steal anything, the shoe's right here." Appellant then held up a tan boot and placed it on top of a row of shoes. The deputy then observed appellant remove a second tan boot from underneath his windbreaker and hold the boot in his hand. Deputy Assur testified the boot had been concealed under appellant's windbreaker.

Appellant was found guilty of petit larceny, third offense. This appeal follows.

<u>ANALYSIS</u>

On appeal, appellant contends that in order for him to be convicted of larceny, the item concealed must belong to another. Since there is no evidence that the boots belonged to the shoe store, appellant argues, the evidence was insufficient to convict him. Appellant maintains the evidence does not exclude his ownership of the boots or that he had sometime earlier paid for the concealed boot.[2]

When considering a challenge that the evidence presented at trial is insufficient, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." <u>Davis v. Commonwealth</u>, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). We do not "substitute our judgment for that of the trier of fact." <u>Wactor v. Commonwealth</u>, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). "This familiar standard gives

---

[1] The record does not indicate the specific conversation between Ms. Cash and Deputy Assur.

[2] Appellant does not challenge the other elements of the offense.

- 2 -

full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

"Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). To convict an accused of unlawful concealment in violation of Code § 18.2-103,[3] "[t]he Commonwealth must prove (1) a willful concealment of merchandise, done (2) with the intent to convert the merchandise or to defraud the storekeeper." Snead v. Commonwealth, 11 Va. App. 643, 646, 400 S.E.2d 806, 807 (1991). The willful concealment of goods while still on the premises is *prima facie* evidence of intent to defraud the owner of the value of the goods or merchandise at issue. Code § 18.2-103.

The Commonwealth concedes that there was no direct evidence that the concealed boot was the property of the shoe store. However, the Commonwealth argues that circumstantial evidence proves ownership. We agree.

The Supreme Court of Virginia has consistently evaluated the sufficiency of circumstantial cases:

---

[3] Code § 18.2-103 provides in pertinent part:

> Whoever, without authority, with the intention of converting goods or merchandise to his own or another's use without having paid the full purchase price thereof, or of defrauding the owner of the value of the goods or merchandise, (i) willfully conceals or takes possession of the goods or merchandise of any store or other mercantile establishment . . . when the value of the goods or merchandise involved in the offense is less than $200, shall be guilty of petit larceny . . . . The willful concealment of goods or merchandise of any store . . . while still on the premises thereof, shall be prima facie evidence of an intent to convert and defraud the owner thereof out of the value of the goods or merchandise.

It suffices to say that if the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the *corpus delicti* and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty. Yet what inferences are to be drawn from proved facts is within the province of the [fact finder] and not the court so long as the inferences are reasonable and justified.

La Prade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950).

Circumstantial evidence is not viewed in isolation. Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991) (quoting Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (other citation omitted)).

Appellant's assignment of error states that the trial court erred in finding appellant guilty because "there was no evidence presented that anyone other than the appellant owned the boots." By convicting appellant, the trial court necessarily found that appellant did not own the boots. Our inquiry, therefore, is whether the record supports the trial court's finding that someone other than appellant owned the boots.

Appellant argues no evidence eliminated the possibility he owned the boots.

Although, "a factfinder cannot arbitrarily disregard a reasonable hypothesis of innocence," Cooper v. Commonwealth, 54 Va. App. 558, 573, 680 S.E.2d 361, 368 (2009), "whether the hypothesis of innocence is reasonable is itself a 'question of fact,'" Clanton [v. Commonwealth], 53 Va. App. [561,] 572, 673 S.E.2d [904,] 910 [(2009) (*en banc*)] (citations omitted). "'Merely because defendant's theory of the case differs from that taken by the

- 4 -

> Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded.'" Id. (quoting Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964)).

Wilder v. Commonwealth, 55 Va. App. 579, 595, 687 S.E.2d 542, 550 (2010).

When Ms. Cash explained to the deputy the purpose of the call to 911, appellant immediately interjected that he did not steal anything. His response was not that the boots were his.

After denying he stole anything, appellant put one boot on top of a row of shoes. He then removed another boot concealed in his windbreaker. The deputy described both boots as "tan Chukka-style Timberland" boots. The fact finder saw photos of the two similar boots and could determine that they were identical boots. Because appellant placed one boot back onto a shelf where other shoes were for sale, the fact finder could properly infer that appellant took both boots from the shelves in the store and that the boots were owned not by appellant, but by the store. Appellant's actions belied his argument that he owned the boots.

"[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Here, in order for the fact finder to conclude that appellant owned the boots, the fact finder must conclude that appellant, as the owner of the boots, brought his own boots into the shoe store, without wearing them, concealed one boot in his jacket and voluntarily placed his other boot on a shelf. This scenario is incredible, unreasonable, and unsupported by any evidence. Additionally, Assur testified that Ms. Cash indicated to him that she suspected appellant of shoplifting. Because there was no objection to this testimony, the trial court was free to consider this as evidence. "If incompetent or hearsay evidence is admitted without objection thereto, the [fact finder] may properly consider it as evidence in the case." Gutshall v. Hamilton, 134 Va. 416, 422, 114 S.E. 595, 597 (1922).

- 5 -

The fact finder could properly infer appellant took merchandise owned by the store, not by appellant.

Appellant had willfully concealed merchandise while on the store's premises, thus creating a *prima facie* case of an intent to steal and defraud the owner. Code § 18.2-103. "Prima facie evidence is '[e]vidence that will establish a fact or sustain a judgment unless contradictory evidence is produced.'" White v. Commonwealth, 272 Va. 619, 626, 636 S.E.2d 353, 357 (2006) (quoting Black's Law Dictionary 598 (8th ed. 2004)).

Once the Commonwealth met its *prima facie* showing, "[appellant] had the option of presenting evidence raising a reasonable doubt regarding one or more of those elements." Kingsbur v. Commonwealth, 267 Va. 348, 351, 593 S.E.2d 208, 210 (2004). No evidence contradicts the Commonwealth's *prima facia* case.

The evidence supports the trial court's finding of guilt. The judgment of the trial court is affirmed.

<u>Affirmed.</u>